## DOLLY BENNETT, Respondent, *v.* THOS. STEPHENS, Appellant.

PRACTICE—DISCRETION OF THE COURT TO ADMIT EVIDENCE, IN WHAT CASE—
    As a general rule, it is a matter resting in the discretion of the judge to receive, at any convenient stage of the trial, any evidence which counsel undertakes to produce and shows will be rendered material by other evidence, and if not subsequently connected with the issue, to be laid out of the case; and the exercise of such discretion is not reviewable.

PLEADING—ACTION FOR WAGES — DEFENSE, WHEN MUST BE PLEADED.—
Evidence tending to show that respondent was poor and in indigent cir-
cumstances at the time when she entered into the service of the appel-
lant was not admissible, for the reason that the answer contained no such
averment as a ground of defense.

SERVICES BY A PAUPER—PROMISE TO PAY NOT IMPLIED.—Where service has
been performed for a relative, or by a person who is a pauper or in indi-
gent circumstances, the law will not imply a promise to pay for such ser-
vice, but an *express* hiring must be *proved* in order to support a claim for
wages.

AGREEMENT FOR WAGES PENDING GRATUITOUS SERVICE, WHAT WILL CON-
STITUTE.—B., while a minor, entered the service of S. as a member of his
family, with the understanding that she was not to have pay for such
service; but subsequently she expressed dissatisfaction to S. that she was
not receiving pay for her services; whereupon S. told her "he would pay
her for her work." *Held*, that this constituted an understanding or agree-
ment of hiring, and that B. was entitled to recover their reasonable value
for services thereafter rendered, notwithstanding the agreement under
which the services were originally begun.

APPEAL from Multnomah County.

This action was brought by the respondent to recover
wages at the rate of twenty dollars a month, for her services
rendered to defendant in the capacity of a house-servant
and dairy-maid for a period of over nine years. The com-
plaint is the ordinary one for labor and services. The an-
swer of the defendant denies all of the material allegations
of the complaint, and also sets up as separate defenses:

1. The statute of limitations in regard to all of the wages
that accrued more than six years preceding the commence-
ment of the action; and, 2. That said services had been
rendered by plaintiff under agreement as a member of the fam-
ily, and not as a servant for hire, and that it was understood
and agreed that she was to reside in the family of defendant
as one of that family, and was to receive no pay for any work
she might render, except her support as such member of
the family.

Some thirteen years before this action, the defendant,
then a girl of seventeen years, entered the service of the ap-
pellant, where she remained as a "maid-of-all-work" until
July, 1879. The evidence tended to show, that after re-
maining in the appellant's family some four years, the re-

spondent complained to the appellant that she was not receiving anything for her services, and that the latter replied that "she need not complain; that he would pay her for her work; that he wanted no one to work for him for nothing."

The appellant offered to prove that the respondent was in indigent circumstances when she entered his service, for the purpose of showing that respondent's services were rendered as those of a pauper, but the evidence was not admitted. The appellant also offered to prove a contract for the respondent's services, made between the appellant and a cousin of the respondent, but the testimony was rejected upon the ground that unless the cousin's authority, or a ratification by the respondent, was shown, the respondent would not be bound by any agreement between the appellant and such cousin. Counsel for the appellant then stated that he offered to prove the respondent's assent to the alleged agreement, but took no steps towards the production of such evidence, and no further order was made by the court.

Such other facts as are necessary to an understanding of the points decided are stated in the opinion.

*Wm. Strong & Sons*, for appellant.

*Gibbs & Bingham*, for respondent.

By the Court, PRIM, J.:

The first assignment of error is that the court erred in excluding evidence of the agreement made between appellant and respondent's cousin, under which she entered into the household of appellant. This was very properly refused by the court, upon the ground that any arrangement made by the cousin for the respondent would not bind her unless it was shown that the cousin had some authority to bind her, or that she had given or adopted his agency. Upon this ruling of the court, counsel stated that he proposed to prove by said witness and others, to be thereafter produced, that said arrangement or agreement was entered into with the assent of the respondent. It was then discretionary with the judge to admit the evidence, and if not subsequently

connected with the issue, by showing that the arrangement was made with respondent's assent, to be laid out of the case. Thus it will be seen that the court committed no error in making this ruling, as it was a matter resting in the discretion of the court, and not a subject of review by this court. (1 Phillips on Ev. 103; 1 Greenl. Ev. sec. 51.) It appears, however, from the bill of exceptions, that the witness was afterwards allowed, without objection, to state what said arrangement was, which would have cured the error complained of, if there had been any.

The second assignment is, that the court erred in refusing to allow appellant to ask respondent, while on the stand, as a witness, how much money she had at the time she went to appellant's to live. If the answer of appellant had contained an averment that she had been received into appellant's services a pauper, or indigent person, as a ground of defense, this evidence would have been admissible; but as it did not, it was not error to exclude it.

The third assignment of error is, that the court erred in its first instruction to the jury, which reads as follows:

"Where one person renders valuable services for another, the law implies a promise on the part of the party benefited, to pay so much as such services are reasonably worth, and this is the general rule where no express contract for such service exists. There are these exceptions to the rule: If the service has been for a near relative, or by a person who is a pauper, or in indigent circumstances, the law will not imply a promise to pay; in such case the party may recover if there is an agreement to pay, but not otherwise. In the absence of an express contract between the parties, a hiring may be presumed from the mere fact of the service unless the service has been with near relations. If a man, for example, serves a stranger in the capacity of a clerk, or of a menial servant, or servant in husbandry, for a continued period, the law presumes that the service has been rendered in fulfillment of a contract of hiring and service, and if the party has served without anything being said as to wages, the law presumes that there was a contract for customary and reasonable wages. But if the service has been with the parent, or

uncle, or other near relation of the party serving, a hiring can not be implied or presumed from it, but an express hiring must be proved in order to support a claim for wages, for the law regards services rendered by near relations to one another, as gratuitous acts of kindness and charity, and does not presume that they are to be paid for unless there is an express contract to that effect. And if a poor person is taken, out of charity, and provided with food, lodging, clothes, and necessaries, and set to work, no contract of hiring and service is implied therefrom, however long the party may continue."

No particular objection is pointed out in the exception taken to this instruction, and we are unable to see any that could have operated to the prejudice of appellant. It is a mere statement of the law applicable to the various propositions presented by the pleadings and evidence in the case.

The fifth assignment of error is, that the court erred in its fourth instruction, which is as follows:

"That this case must be decided upon its own circumstances. If you are satisfied from all the circumstances of the case that the plaintiff rendered the defendant valuable services in the expectation that she was to receive so much as such services were reasonably worth, and on the expectation upon the part of the defendant to pay her the reasonable value of the services, then she is entitled to receive such reasonable value in this case, and if the services were originally as a member of the family of the defendant on account of the near relationship between the plaintiff and defendant, or because the plaintiff was a pauper or indigent person, and yet you are satisfied from all the circumstances of the case that the last six years of said service was rendered with the expectation on her part and on the part of Thomas Stephens, the defendant, that she should be paid the reasonable value of her service, in that case the plaintiff will be entitled to recover such reasonable value."

It is assumed, on behalf of appellant, that in effect this was equivalent to instructing that a contract of hiring might be implied from the mere services of the respondent, although rendered as a member of the family and not in the

capacity of a servant. If such were its proper meaning it was erroneous, but we do not so understand it. It must be considered in the light of the evidence and in connection with other portions of the charge. The court had already instructed that "if the service had been with the present uncle, or other near relative of the party serving, a *hiring* could not be *implied* or *presumed* from it, but an express hiring must be proved in order to support a claim for wages, * * * as the law regards such services as gratuitous, and does not *presume* that they are to be paid for unless there is an express contract to that effect." The court had further instructed to the effect that "if a poor person is taken out of charity and provided with food, lodging, clothing, and other necessaries, and set to work, no contract of hiring could be *implied* therefrom, however long the party may continue to serve."

It appears from the evidence that appellant lived upon a farm and was keeping a dairy, and that when respondent went there to live she was not a mere child, but a girl seventeen years old, and able to do a woman's work, and that the services of such girls were worth twenty dollars per month in that neighborhood; that she remained with the family for thirteen years, doing such work as was required of her, such as cooking, caring for horses, cattle, and hogs, milking cows and driving them to and from pasture, etc.; that shortly after she went to appellant's, he told her he would send her to school, but never did so; that upon several occasions she told appellant she was not satisfied; that her sister was getting regular wages while she was getting nothing, to which appellant replied that "she need not complain; that he would *pay* her for her work; that he *wanted no one to work for him for nothing.*"

Here was a plain understanding or agreement entered into between the parties that respondent was to be paid whatever her services were reasonably worth, and instruction number four is essentially based upon this evidence. It was to the effect that if the jury were satisfied from all the evidence in the case that the respondent rendered valuable services in the expectation, or with the understanding, that

she was to receive so much as such services were reasonably worth, and upon the understanding on the part of the appellant to pay her the reasonable value of the services, then she was entitled to recover such reasonable value. And if they were further satisfied from all the evidence that the services were originally rendered as a member of the family of the appellant, or because she was a pauper, or an indigent person, and yet if they were satisfied from all the evidence in the case that the last six years of said service was rendered with the understanding on the part of both parties that she should be paid the reasonable value of her service, the respondent was entitled to recover such reasonable value. We are unable to see any objection to this instruction when considered in the light of the evidence and in connection with other portions of the charge.

There was evidence tending to show that she originally entered into the service of the appellant as a member of his family, with the understanding that she was not to receive wages for her service; and there was also evidence tending to show that after she became of lawful age, that agreement or understanding was rescinded and another agreement entered into between the parties, by which she should be paid whatever her services were reasonably worth. Under such evidence, it was proper to instruct the jury that she had a right to rescind the original arrangement and enter into another, by which she should be paid whatever her services were reasonably worth, and that she had a right to recover for any service thereafter performed under said new agreement.

Entertaining the views herein expressed, it follows that the judgment of the court below should be affirmed, which is accordingly ordered.