ALEXANDER T. MILLER *et al.*

*v.*

SARAH A. KINGSBURY.

*Filed at Springfield April 5, 1889.*

| 128 | 45 |
| 97a | 601 |
| 128 | 45 |
| 198 | 218 |

1.  CONTRACTS—*construction—enforcing the provisions of a contract, severally—of a bond given by a surviving partner to estate of a deceased partner.* In construing a bond given by a surviving partner to the personal representative of his deceased partner, all its provisions should be considered and carried into effect, and, when it is possible, the intention of the parties, as declared in each provision of the contract, should be enforced.

2.  So where a surviving partner, under the order of the circuit court, executes to the personal representative of the deceased partner a bond conditioned for the faithful discharge of his duties as such surviving partner, and also for the payment to the obligee of whatever might be found due the latter, after paying the partnership debts and costs of settlement, at such time as the circuit court should order and direct, the obligee may maintain an action on the first named condition, on its breach, without any order of the circuit court directing the payment of money to her. An action will lie in favor of the obligee for the neglect of the obligor to apply partnership funds in his hands, to the payment of the partnership debts.

3.  SAME—*whether individual or representative—and herein, in what capacity to sue.* A surviving partner gave his bond, with sureties, to A B, administratrix of the estate of C D, the deceased partner, or to her successor or successors, conditioned for the faithful discharge of his duties as such surviving partner, etc.: *Held,* that the words following the name of the obligee were merely *descriptio personæ,* and might be treated as surplusage, and that she might maintain an action for a breach of the conditions of the bond in her individual name.

4.  An executor or administrator may sue as such, as well as in his own name, upon a contract made with him in his representative capacity. In either case, the sum recovered will be held to be for the benefit of the estate.

5.  SURVIVING PARTNER—*of his duty.* It is the duty of a surviving partner to proceed without delay to convert the assets into money, and pay off the partnership debts.

6.  MEASURE OF DAMAGES—*in action on bond of surviving partner to estate of deceased partner.* In an action upon the bond of a surviving partner, given to the administratrix of his deceased partner, for a neg-

lect to apply the moneys realized from the firm assets to the discharge of the firm debts, the damages are not merely nominal, but a recovery may be had for the value of the performance of the undertaking. The measure will be the sum the estate of the deceased partner would have been released of by performance by the surviving partner.

7. Where the contract is more than for indemnity against damages, or when a party stipulates against the doing of certain acts or the existence of certain conditions, or for performance of any kind, then the value of the performance of the contract will measure the damages recoverable for the breach.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

This was an action of debt, brought by Sarah A. Kingsbury, against Alexander T. Miller, George A. Miller and Joseph Simons, on a penal bond executed on the 24th day of June, 1886. It appears from the averments of the declaration, that Alexander T. Miller and Albert B. Kingsbury were partners in business, under the firm name of Miller & Kingsbury; that Kingsbury died intestate on the 16th day of May, 1886, and Sarah A. Kingsbury was appointed administratrix of his estate by the county court of Adams county, on May 25, 1886. It also appears that Sarah A. Kingsbury, administratrix of the estate of said Albert B. Kingsbury, deceased, on, to-wit, the 11th day of June, A. D. 1886, filed her bill in chancery in the circuit court of Adams county, on the chancery side thereof, against Alexander T. Miller, praying, in effect, for an adjustment and settlement of the affairs of said co-partnership of Miller & Kingsbury, and for the appointment of a receiver of the property of said co-partnership. It is also averred, that under and by virtue of an order of the circuit court, a bond was filed in said cause, executed by Alexander T. Miller, George A. Miller and Joseph Simons, in which they acknowledged themselves held and firmly bound unto Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, or to her

successor or successors, in the penal sum of $5000, conditioned as follows:

"Now, therefore, if the said Alexander T. Miller shall faithfully discharge his duties as the surviving partner of the late firm of Miller & Kingsbury, composed of the following members, to-wit, said Albert B. Kingsbury, deceased, and said Alexander T. Miller, (the said Alexander T. Miller being now the surviving partner of said Albert B. Kingsbury,) and shall make a faithful settlement of the affairs of the said co-partnership, and shall account for and pay over to the said Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, or her successor or successors, whatever shall be found to be due her as such administratrix, after paying partnership debts and costs of settlement, at such time when the circuit court of Adams county, in the State of Illinois, shall order such payment to be made by the said Miller, then the above obligation to be void, otherwise to remain in full force and virtue."

It is also averred, that the bond was approved by the circuit court of Adams county, and filed in said cause in chancery. It is then averred in the declaration, that Alexander T. Miller did not faithfully discharge his duties as the surviving partner of the late firm of Miller & Kingsbury, composed as aforesaid; that on the 20th day of November, A. D. 1886, the said Alexander T. Miller, as said surviving partner, presented and filed in said Adams county court, his report of his acts and doings as said surviving partner of the firm of Miller & Kingsbury, from June 9, 1886, to November, 1886; that said Alexander T. Miller, in and by said report, showed a balance of moneys of the said firm in his hands, over and above his outlays, of $3772.59; that afterwards, and on December 7, 1886, the question of the disposition of said balance came on before said county court for a hearing thereon; that upon such hearing thereof, and on the date last named, the said county court ordered, adjudged and decreed that said Alexander T. Miller,

as said surviving partner, pay to the creditors of the firm of Miller & Kingsbury, outside of and other than said Alexander T. Miller himself, and said Sarah A. Kingsbury, administratrix as aforesaid, the sum of $3772.59, that being the balance in his hands as shown by said report, and that said Alexander T. Miller pay each of said firm creditors, exclusive of himself and said Sarah A. Kingsbury, administratrix as aforesaid, forty per cent of the principal sum of their claims, as mentioned by said Miller in his inventory of property and schedule of liabilities herein filed on June 9, 1886, within one day from the date of entry of this decree, and that he pay the residue of said sum of $3772.59 ratably and *pro rata* upon the principal sum of the claims last named, within ten days from the date of the entry of this decree,—from which last named order and decree of said county court no appeal was ever taken, and the same remains in full force and effect; and the plaintiff avers that the following was the schedule of liabilities last named, to-wit:

To First National Bank of Quincy, on note for $2500, dated March 24, 1886, and payable ninety days from date, with interest at eight per cent - - - $2500.00

To First National Bank of Quincy, on note for $1000, dated March 24, 1886, and payable ninety days from date, with interest at eight per cent from maturity - - - - - - - - - - - - - - 1000.00

To said Albert B. Kingsbury, for money advanced to said firm, balance due November 16, 1885 - - 1788.99

To Quincy Lumber Co., on note for $261, dated December 29, 1885, and payable ninety days from date, with interest at eight per cent - - - - - 270.28

To Joseph Simons, on note for $80, dated March 31, 1886, and payable thirty days from date, with interest at eight per cent - - - - - - - - - 81.20

To James M. Bishop, to balance due on insurance - 270.00

To Frederick M. Whipple, for lumber furnished said firm - - - - - - - - - - - - - - - 20.00

And the said plaintiff avers, that though the said Alexander T. Miller did comply with the said order of said county court,

to the extent of paying forty per cent of the principal sum of the claims in said order and decree of said county court mentioned as those on which he should pay forty per cent on the principal sum, yet the said Miller did not, within ten days from the date of entry of said order, or at any other time, pay to the First National Bank of Quincy, Illinois, upon the $2500 note in said schedule of liabilities mentioned, or upon the $1000 note in said last named schedule mentioned, or either of them.

To the declaration the defendants interposed a demurrer, which the court overruled, and defendants electing to abide by the demurrer, plaintiff's damages were assessed at $1818.47, upon which a judgment was rendered. The judgment, on appeal, was affirmed in the Appellate Court, and to reverse the latter judgment, this appeal is prosecuted by the defendant, Alexander T. Miller.

Mr. J. F. CARROTT, and Mr. J. H. WILLIAMS, for the appellants:

The liability of a surety can not be extended by implication or construction. His liability is *strictissimi juris*, and can not be extended beyond the reasonably necessary import of the language of his bond. *Miller* v. *Stuart*, 9 Wheat. 703; *United States* v. *Boyd*, 15 Pet. 207; *Leggett* v. *Humphreys*, 21 How. 76; *Smith* v. *United States*, 2 Wall. 235; *People* v. *Tompkins*, 85 Ill. 417; *Mix* v. *Singleton*, 86 id. 194; *Phillips* v. *Manufacturing Co.* 88 id. 305; *Insurance Co.* v. *Johnson*, 120 id. 622.

The bond, and the order of the circuit court of Adams county in pursuance of which it was given, must be construed together to arrive at the intention of the court and of the parties. *Elmendorf* v. *Lansing*, 5 Cow. 468.

The recitals in such bonds undertaking to express the precise intent of the parties, controls the condition or obligation which follows, and does not allow it any operation more extensive than the recital which is its key,—and so it has been

4—128 ILL.

held in many cases. *London Assurance Corporation* v. *Bold,* 6 Ad. & El. (N. S.) 514.

If the obligation expressed in the bond is larger than the recital, it will be restrained by it, on the principle that the condition is to be confined to the subject matter. Metcalf on Contracts, 280; *Arlington* v. *Merricks*, 3 Saund. 403, note 5; *Weston* v. *Mason*, 3 Burr. 1725; *United States* v. *Cheeseman,* 3 Sawyer, 424; *Commonwealth* v. *Toms*, 45 Pa. 408; *Smith* v. *United States*, 2 Wall. 219; *Liverpool Waterworks* v. *Atkinson,* 6 East. 507; *Banking Association* v. *Conklin*, 90 N. Y. 116; Brandt on Sureties, secs. 78-80, 138, 142, 143; *Sanger* v. *Baumberger*, 51 Wis. 592; *Sewing Machine Co.* v. *Mullins*, 41 Mich. 339.

In the case of an agreement to do or refrain from doing any particular act, secured by a penalty, the amount of the penalty is in no sense the measure of compensation, and the plaintiff must show the particular injury of which he complains, and have his damages assessed accordingly. It may, therefore, be laid down as a settled rule, that no other sum can be recovered under a penalty than that which shall compensate the plaintiff for his actual loss. Sedgwick on Damages, (6th ed.) 487.

The remedy given by statute to compel a surviving partner to account, in the county court, with the administrator of the deceased partner, is to be governed by the same equitable rules and principles as a proceeding in equity, and such surviving partner, on such settlement, may be allowed, as a set-off, his just share of any demands held by him against the deceased partner, without first having procured their allowance. *Mack* v. *Woodruff*, 87 Ill. 570.

Mr. WILLIAM MCFADON, for the appellee:

The question in this case is not as to the person to whom the money sued for upon the bond in controversy shall be paid when collected. *Chadsey* v. *Lewis*, 1 Gilm. 153; *Manlove* v. *McHatton*, 4 Scam. 95.

The simple question is, has the suit been brought by the party in whom the legal interest is vested. *Lovejoy* v. *Steele*, 18 Bradw. 281; 1 Chitty's Pl. 2; *Newhall* v. *Turney*, 14 Ill. 339; *Larned* v. *Carpenter*, 65 id. 544.

The instrument being a bond under seal, the obligee is the proper party to sue upon it. 1 Chitty's Pl. 3, 4; *Saunders* v. *Filley*, 12 Pick. 554; *Johnson* v. *Foster*, 12 Metc. 167; *Mellan* v. *Baldwin*, 3 Gray, 486.

In the case of the bond in suit, the legal interest is clearly in Sarah A. Kingsbury. 1 Chitty's Pl. 2, 3, 4, and cases cited.

This is true, though the promise is to Sarah A. Kingsbury, administratrix, and her successor or successors in office, the test of the truth of this proposition being, that in the event of her death, not her successor in office, but her executor or administrator, would have to bring suit for a breach of the condition. *Stevens* v. *Hay*, 6 Cush. 230; *Lovejoy* v. *Steele*, 18 Bradw. 283.

The promise is to A B, administratrix,—not as administratrix; and the words "administratrix," etc., are *descriptio personæ*, and may be rejected as surplusage. *Newhall* v. *Tunny*, 14 Ill. 338; *Jeffries* v. *McLean*, 12 Mo. 540; *Bradley* v. *Graves*, 46 Ala. 277.

The bond was made after the death of A. B. Kingsbury, and the rule is very clear, that upon a promise to one who is his administrator, the suit must be brought by the promisee in his individual capacity. 2 Williams on Executors, (6th Am. ed.) 878; *Austin* v. *Munso*, 47 N. Y. 366.

But in the case of a bond to the executor or administrator, taken after such death, it must be sued on individually, and not in the representative capacity. 2 Williams on Executors, (6th Am. ed.) p. 882; *Partridge* v. *Court*, 5 Price, 419; *Hosier* v. *Arundel*, 3 Bos. & Pul. 7; *Newhall* v. *Turney*, 14 Ill. 338; *Jeffries* v. *McLean*, 12 Mo. 540.

Properly construed, the condition of the bond relating to the faithful discharge by Miller of his duty as surviving part-

ner, includes within itself a promise to pay partnership moneys in his hands upon partnership debts, and to the persons holding the same. *Lewis* v. *Crockett,* 3 Bibb, 197; *Robertson* v. *Morgan,* 3 B. Mon. 307; *Wilson* v. *Stillwell,* 9 Ohio St. 468; *Cannon* v. *Cooper,* 39 Miss. 384; 2 Sutherland on Damages, 39; Rev. Stat. 1874, chap. 3, secs. 85-89.

The breach of the condition of the bond in suit relied on, is a failure to faithfully discharge his duties as the surviving partner of the late firm of Miller & Kingsbury, and not of those conditions of the bonds to which the argument of appellant is mainly devoted.

The duty of a surviving partner to settle the co-partnership business and pay off the firm debts, exists independently of any action of a court, but the county court has full power to enforce the duty. *Miller* v. *Jonas,* 39 Ill. 60; *McKean* v. *Vick,* 108 id. 385; *Nelson* v. *Hayner,* 66 id. 492; Rev. Stat. 1874, chap. 3, sec. 89.

The bond in this case being for performance of a certain thing, viz., the faithful discharge of the duties of a surviving partner, the measure of damages in the case is the value of the performance. 2 Sutherland on Damages, 611; *Lewis* v. *Crockett,* 3 Bibb, 197; *Robertson* v. *Morgan,* 3 B. Mon. 307; *Cannon* v. *Cooper,* 39 Miss. 384; Rev. Stat. 1874, chap. 3, secs. 85, 89.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The bond upon which the action was brought was filed under an order of the circuit court of Adams county, in a certain cause in chancery pending in the court, wherein Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, was complainant, and Alexander T. Miller was defendant, and it is insisted that the principal and his sureties are not liable to an action on the bond until he has failed to obey some order or decree of the circuit court of Adams county, in

relation to the partnership matters concerning which the bond was executed. It is true that the bond provides that "Miller shall make a faithful settlement of the affairs of the said co-partnership, and shall account for and pay over to the said Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, or her successor or successors, whatever shall be found to be due her as such administratrix, after paying partnership debts and costs of settlement, at such time when the circuit court of Adams county * * * shall order such payment to be made by the said Miller," and if this was the only provision of the bond, the position of the defendant might be regarded as well founded; but such is not the case. The bond contains a provision, (and that is the one upon which the action is based,) that Alexander T. Miller shall faithfully discharge his duties as the surviving partner of the late firm of Miller & Kingsbury. In placing a construction on the bond, all of its provisions are to be considered and carried into effect, and where it is possible, the intention of the parties, as declared in each provision of the instrument, should be enforced. This provision that Miller shall faithfully discharge his duties as surviving partner, is not dependent upon that clause of the bond relating to an order of the circuit court of Adams county. It is an independent provision that the parties saw proper to incorporate into their contract, and by the execution of the bond, as the parties became bound by it, no reason occurs to us why it may not be enforced.

It is also insisted, that an action can not be maintained on the bond in the name of Sarah A. Kingsbury, in her individual capacity,—that she could only sue as administratrix. It is true that the bond, as executed, provides that the obligors are "held and firmly bound unto Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, or to her successor or successors;" but notwithstanding this provision, we are of opinion that the action was properly brought,—that the words following the name of Sarah A. Kingsbury may be

regarded as *descriptio personæ*, and may be rejected as sur-
plusage.   In 2 Williams on Executors, (6th Am. ed.) bottom
page 878, the author states the rule thus :   "So with respect
to matters of contract, it has been decided in a variety of
modern cases, that an executor or administrator may sue as
such, as well as in his own name, upon a contract made with
him in his representative capacity."   See also note k, on same
page.   Also, *Parker* v. *Wilson,* 4 Hill, 57 ; *Austin* v. *Monroe,*
47 N. Y. 366 ; *Wolf* v. *Beaird,* 123 Ill. 593.

In *Newhall* v. *Turney,* 14 Ill. 338, this court held that a note
given to A, administrator of the estate of C, may be sued upon
by A in his own name, without describing himself as adminis-
trator.   Here, as the contract or bond was made to the plaintiff
after the death of her intestate, although she was described as
administratrix, we think she had the right to bring the action
in her individual name.   Again, it was a matter of no moment,
so far as the defendants are concerned, whether the action
was brought in the individual or representative capacity of
the plaintiff.   In either event, whatever amount is recovered
will be held for the benefit of the estate of Albert B. Kings-
bury, deceased, and whatever defense the defendants would be
entitled to interpose if the action had been brought in the
name of plaintiff as administratrix, may be set up to the pres-
ent action.

The next question relates to the measure of damages.   As
has been seen, the condition of the bond was, that Alexander
T. Miller shall faithfully discharge his duty as surviving part-
ner.   The duty of a surviving party is so well settled that
there is no room for controversy over the question.   He was
required to proceed without delay, and convert the assets into
money, and when this was done, his duty required him to pro-
ceed at once to pay off the partnership debts.   Now, as a breach,
it is alleged in the declaration that Miller did not faithfully
discharge his duties as the surviving partner ; that on the
20th day of November, 1886, he presented and filed in the

county court of Adams county a report of his doings; that by said report he showed a balance of firm moneys in his hands, over and above outlays, amounting to the sum of $3772.59; that on the 7th day of December, 1886, the question of the disposition of the balance arose in the county court, and the court ordered and decreed that Miller should pay said sum to certain creditors of the firm; that no appeal was taken from the order, but it remains in full force; that Miller failed to comply with the order, etc. Under these facts, as they are admitted by the demurrer, was the plaintiff confined to a recovery of nominal damages merely? We think not. The bond was not given as an indemnity or as security, but, on the other hand, the bond required the performance of certain affirmative acts, and if these were not performed, then the plaintiff ought to recover such damages as she has sustained by the failure to perform those acts. The failure of the surviving partner to pay the firm debts named in the order, left the estate of Kingsbury liable for the same. The rule that should apply in a case of this character is well stated in 2 Sutherland on Damages, 611, as follows: "Where the contract is more than for indemnity against damages, where a party stipulates against the doing of certain acts or the existence of certain conditions, or for * * * performance of any kind, * * * then the value of performance of the contract will measure the damages recoverable for the breach."

A question has been raised as to the sufficiency of the evidence upon which the judgment was rendered. There was evidence tending to prove the amount recovered, and under our statute, the judgment of the Appellate Court, affirming the judgment of the circuit court, is conclusive.

Perceiving no error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*