Decided 10 April, 1899.

**BURRELL *v.* KERN.**

[56 Pac. 809.]

</div>

EXECUTORS—RIGHT OF ACTION.—Executors may sue either individually or in their representative capacity, at their option, on causes of action, whether in contract or in tort, accruing after the death of the intestate or testator; hence, in such cases, the complaint need not show for whose estate they are executors.

From Multnomah : JOHN B. CLELAND, Judge.

This is a suit to foreclose a mortgage. The plaintiffs are styled, in the caption or title of the complaint, "Walter F. Burrell and D. P. Thompson, Executors," and it is alleged, among other things, that at all the times stated in the complaint plaintiffs were, and now are, the duly appointed, legally qualified, and acting executors of the last will and testament of M. S. Burrell, deceased, and that defendants made, executed, and delivered to plaintiffs their certain promissory note, a

copy of which is set out, showing that it was made to "W. F. Burrell and D. P. Thompson, Executors." It is further alleged that, for the purpose of securing the payment thereof, defendants duly made, executed, and delivered to plaintiffs their certain mortgage; and in all other respects the complaint is in the usual form. The defendants filed a motion to require plaintiffs to make the complaint more definite and certain, so as to show the name of the deceased person for whose estate the plaintiffs sue as the alleged executors. This was overruled, and thereupon a general demurrer was interposed, assigning as ground therefor that the complaint does not state facts sufficient to constitute a cause of suit, which was also overruled, and, defendants refusing to plead further, a decree as prayed for was entered, from which they appeal.

AFFIRMED.

For appellants there was a brief over the names of *William Wallace Thayer* and *Henry St. Rayner*.

For respondents there was a brief over the name of *Dolph, Mallory & Simon*.

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

It seems to be the theory of the defendants that suit was brought by the plaintiffs in their representative capacity as executors; hence the interposition of both the motion and demurrer. But the complaint shows, when the documents upon which it is based, the averments touching them, and its whole scope, are considered, that plaintiffs have sued in their individual, and not their representative, capacity: *Beers* v. *Shannon*, 73 N. Y. 292. The prevailing rule seems to be, with possibly some few

exceptions, that when the cause of suit or action, whether in contract or in tort, accrues after the death of the testator or intestate, the money, if recovered, will be assets of the estate, and the executor or administrator may sue, at his option, in either his representative or individual capacity : 8 Enc. Pl. & Prac. 658 ; *Haskell* v. *Bowen*, 44 Vt. 579 ; *Grimmell* v. *Warner*, 21 Iowa, 11 ; *Mowry* v. *Adams*, 14 Mass. 327 ; *Kane* v. *Paul*, 39 U. S. (14 Pet.) 33 ; Bliss, Code Pl. (3 ed.), § 53. The use of the word ''executors,'' in the title of the case and in the note, is a mere *descriptio personæ*, and does not of itself operate to attach to plaintiffs a representative character (*Beers* v. *Shannon*, 73 N. Y. 292 ; 2 Am. & Eng. Enc. Law, [1 ed.] 334), and may be regarded as surplusage (*Miller* v. *Kingsbury*, 128 Ill. 45, 21 N. E. 209). As the note and mortgage in question were made, executed, and delivered to the plaintiffs, and not to their testator, they were authorized, under the rule, to sue in either their representative or individual capacity ; and it is very apparent that the complaint states a good cause of suit in one or the other capacity, and is amply sufficient as against the test of a general demurrer. Now, it was a matter of no moment to the defendants in what character plaintiffs prosecuted their suit to foreclose, as they could have set up whatever defense they may have in this suit as well as if it had been brought in any other form (*Miller* v. *Kingsbury*, 128 Ill. 45, 21 N. E. 209 ; and hence there was no error in overruling the motion and demurrer, or in entering the decree appealed from, which will therefore be affirmed.

                                        AFFIRMED.