Argued 21 November; decided 26 December, 1899.

## LOMBARD *v.* CARTER.

[59 Pac. 473.]

Administrators—Buying Legacy.—Hill's Ann. Laws, § 1166, providing that the order of confirmation of an administrator's sale is conclusive as to the regularity of the sale, and no further, and that all purchases of the property of the estate by an * * * administrator, however made, * * * are void, refers to purchases of the property of the estate by the administrator at his own sale, and not to a purchase by him of a legacy bequeathed by deceased, which, if fair, and for an adequate consideration, is valid.

From Multnomah: Loyal B. Stearns, Judge.

Suit by B. M. Lombard against Loring S. Carter and another. Judgment for defendants. Plaintiff appeals.

Affirmed.

For appellant there was a brief over the names of *Benjamin M. Lombard in pro per.* and *John T McKee.*

For respondent there was a brief over the name of *Catlin, Kollock & Catlin.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The facts which characterize this case are substantially as follows :  On July 16, 1895, the will of Minerva Carter, deceased, was admitted to probate, and the defendant Walter V. Smith appointed administrator of her estate. By the provisions of the will, the defendant Loring S. Carter was entitled to a legacy of $2,100, and a share as heir in the residuum of the estate.  On November 29, 1895, Carter, being largely indebted to Smith, sold, assigned, and transferred said legacy, and all other right, title, and interest he then had in said estate, to Smith's wife.  While the assignment was made to the wife, it was in reality for the benefit of the husband, and was so understood at the time it was made.  Subsequently, on March 3, 1897, the plaintiff obtained a judgment against Carter for the sum of $265.60, which being duly docketed he instituted this suit to set aside said assignment, and to enjoin Carter from further disposing of his interest in said estate.  There are no allegations of fraud in the complaint, but in the reply it is set forth that the assignment "was made with the intent to hinder, delay, and defraud creditors and other persons of their lawful suits, damages, debts and demands."  There was no evidence of fraud, unless the facts above stated can be so construed. The decree of the court below was for the defendants, and plaintiff appeals.

The case was submitted on briefs, without oral argument, and the only contention made by plaintiff is that the assignment is void under Section 1166, Hill's Ann.

Laws, which provides as follows : "The order of confirmation of sale in this title mentioned is conclusive as to the regularity of the sale, and no further. All purchases of the property of the estate by an executor or administrator, however made, whether directly or indirectly, are prohibited, and if made are void." It is assumed that the plaintiff stands in Carter's shoes, and comes within the purview of the inhibition of the statute. Conceding, but not deciding, that such is the case, the plaintiff cannot prevail under the facts. It is the purchase of the property of the estate by an administrator at his own sale which is inhibited by the statute, while the case assumed would be rather that of a trustee purchasing trust property from his *cestui que trust: Mills* v. *Mills,* 57 Fed. 873, and 63 Fed. 511. In such a case, if the transaction appears to be fair, and grounded upon an adequate consideration, it will be upheld ; and it is obviously so in the present controversy, or, at least, there is nothing in the record to show to the contrary.

AFFIRMED.