Submitted on briefs November 25, 1924, affirmed January 2, re-
hearing denied March 10, motion for modification denied May
19, 1925.

# MARY E. GILBERT *v.* WILLIAM BRANCH-
FLOWER.

### (231 Pac. 982.)

**Executors and Administrators—In Action on Express Contract for
Work and Labor Performed by Decedent, Evidence That Work
Required was Done Admissible.**

1. In action on express contract for services performed by plain-
tiff's deceased husband, evidence was admissible to show that work
required by contract was done.

**Appeal and Error—Reception of Testimony of More Services Than
Contract Required Harmless.**

2. In action on express contract for services performed by plain-
tiff's decedent, any error in admitting evidence, the only effect of
which was to show performance of more work than contract re-
quired, *held* harmless.

**Trial—General Objection not Sufficient if Testimony Relevant to
Any Issue.**

3. In action for money paid by plaintiff's decedent at defendant's
special instance and request, for his use and benefit, testimony that
money was used in repairing automobile belonging to defendant's
wife, having some relevancy to the issues involved, a general objec-
tion that it was incompetent, irrelevant, and immaterial was not
sufficient

**Appeal and Error—Objection to Particular Defect of Proof Waived
by Failure to Raise It in Lower Court.**

4. A motion for nonsuit, which did not go to sufficiency of whole
evidence, but only to want of proof of some particular element that
could have been supplied, *held* to have waived defect.

**Executors and Administrators—Burden of Showing Administratrix's
Failure to Duly File Bond on Party Objecting.**

5. In an action by assignee of administratrix, it is presumed
that administration bond was duly filed, and the burden of showing
contrary is on defendant.

---

    2. See 2 R. C. L. 247.
    3. See 26 R. C. L. 1048.
    4. See 2 R. C. L. 69, 90; 26 R. C. L. 1052.
    5. See 11 R. C. L. 57.

Executors and Administrators—Administratrix in Individual Capacity Held Real Party in Interest to Sue on Claims Assigned by Her as Administratrix to Herself.

6. Notwithstanding administratrix cannot become a purchaser of property of estate at her own sale, she may, as administratrix, assign choses in action to herself without consideration, in which case, however, she retains as administratrix the beneficial interest, but in her individual capacity she is real party in interest.

Pleading—Use of Word "Sold" in Allegation of Assignment Surplusage.

7. The word "sold," in alleging assignment by administratrix to herself as individual, *held* surplusage.

Executors and Administrators—Allegation of Positive Assignment by Executrix to Herself Individually Held Sufficiently Proved.

8. In administratrix's action in individual capacity, her allegation that as administratrix she assigned the claim to herself individually was sufficiently proved by her positive testimony of an oral assignment and direction to her attorney to bring the action.

Executors and Administrators—Defendant Cannot Question Capacity in Which Administratrix Sues, Where Judgment Protects Him Against Further Claim.

9. Defendant, in action by administratrix in her individual capacity on assigned claims, has no valid right to question capacity in which plaintiff sues, since a judgment requiring him to pay claim to her as individual equally obligates her to account to the estate.

Executors and Administrators—Whether Plaintiff, by Residing in Household of Defendant for Whom Husband Rendered Services, was Barred from Claim in Quantum Meruit Held for Jury.

10. The rule that no promise is implied to pay for services performed by relatives or members of defendant's family *held* not to bar, as a matter of law, claim of plaintiff administratrix but suing in individual capacity, who joined defendant's household when her husband went there under contract to perform services.

Pleading—Truth of Verification Tested as of Day Complaint Filed.

11. Both verification and complaint speak as of time action was commenced by filing complaint, and if verification was true as of that time, it is no valid objection that verification was not true because prematurely made.

Pleading—Allegation in Complaint That Plaintiff was Administratrix, at All Times Mentioned Held Surplusage.

12. In action by administratrix in her individual capacity on assigned claims for services performed by intestate, allegation that she was administratrix at all times mentioned in complaint is surplusage.

---

6. See 11 R. C. L. 109, 286.
7. See 21 R. C. L. 452.
10. See 28 R. C. L. 677.
12. See 21 R. C. L. 452.

From Polk: H. H. BELT, Judge.

In Banc.

AFFIRMED.   REHEARING   DENIED.

For appellant there was a brief over the names of *Mr. Arthur Clarke* and *Messrs. Carson & Carson.*

For respondent there was a brief over the name of *Mr. Walter C. Winslow.*

PIPES, J.—The complaint in this case contains three causes of action. The first cause is for labor and services performed by James A. Gilbert, the husband of the plaintiff, at the defendant's special instance and request, at an agreed price of $50 per month, no part of which, it is alleged, has been paid. The plaintiff alleges that she was at all the times mentioned in the complaint the qualified and acting administratrix of the estate of James A. Gilbert, deceased; that prior to the commencement of the action, as administratrix of the estate of James A. Gilbert, she sold and assigned said account to the plaintiff personally for the purpose of bringing this action. The second cause of action is for labor and services performed for the defendant at said defendant's special instance and request, of the reasonable value of $30 a month, making a total of $360, no part of which has been paid. This cause is on the *quantum meruit.* The third cause of action is for money paid by the plaintiff to Harriet Branchflower at defendant's special instance and request, for his use and benefit. It also contains a charge for provisions furnished at defendant's request, but all of the items except the money items were excluded by the court

and are not involved in this appeal. It is alleged that no part of the money so paid has been repaid.

The answer denies *in toto* the allegations in the first cause of action. It denies the allegations in the second cause of action except as thereinafter alleged in a further and separate defense. This defense is to the effect that the plaintiff and the said Harriet Branchflower and the defendant lived under the same roof on a farm owned by the defendant's wife, the said Harriet Branchflower; that the services alleged in the complaint to have been performed were voluntarily and gratuitously rendered, without the defendant's instance or request, special or otherwise. The answer denies every allegation in the third cause of action.

The reply put in issue the new matter in the answer.

At the trial, after the plaintiff rested her case, the defendant moved for a nonsuit, alleging a number of grounds therefor, which will be noticed in the opinion. The motion having been overruled, a motion for a directed verdict upon the same grounds was made to the court and was overruled. The defendant offering no evidence, the case was submitted to the jury, who found a verdict aggregating $1,077. Under the instructions of the court, the verdict contained a separate finding as to each cause of action, being $400 on the first cause of action, $360 on the second cause of action, and $317 on the third cause of action. Judgment was rendered upon the said verdict by the court on the fifth day of October, 1923; from which the defendant appeals to this court.

There are numerous assignments of error, but the principal ones are: First, it is contended that the court erred in allowing evidence to the effect that

Mr. Gilbert did road work on the roads in the vicinity of the farm. The work and labor described in the first cause of action to be done by Mr. Gilbert was to be done on the farm of the defendant, and consisted of general farm work in and about the place, including care of the stock. It appears in the evidence that the persons residing in the vicinity had agreed to contribute work on the roads in the neighborhood because the County Court had failed to care for the roads. The question raised is that Mr. Gilbert's work on the road was voluntary, and not at the request of the defendant.

Another objection is made that it was not proved that the plaintiff was the duly acting and appointed administratrix of the estate of her husband. This point is grounded upon the fact that there was no evidence of the filing of a bond required by the court to be filed, and that, therefore, the proof was not sufficient to establish the appointment.

Another objection that is made is that the proof of the assignment of the claim by the plaintiff as administratrix to herself in her individual capacity was not sufficient to establish the fact.

Another objection is here urged that there was error in the court allowing evidence of what a certain automobile was used for. The automobile had belonged to the defendant's wife and had been wrecked, and the bill for repairs was a part of the money for which the plaintiff brings her action. It is contended that it was immaterial for what the car was used, if the money was loaned by the plaintiff to Harriet Branchflower at defendant's request. The evidence was to the effect that the car was used by all the members of the family then living under the same roof, including the defendant.

Some other minor errors will be noticed in the opinion.

The first assignment of error is that the court erred in overruling the objection to the following question:

"How was the road work done there, Mr. Larkins; that is, why were you people working on the road?"

The answer was to the effect that the county did not work the roads in that vicinity and the residents voluntarily donated such work, among others, the defendant, and that Mr. Gilbert did some of the work.

The contention is that "No contractual relationship was shown to exist between defendant and plaintiff's intestate, Mr. Gilbert, looking toward any work being done on the road by Mr. Gilbert on behalf, and at the request, of defendant."

1, 2. The action is on an express contract for labor and services to be done by Mr. Gilbert for defendant, at the rate of $50 per month. The evidence of plaintiff tended to prove that the defendant was too old to do the work about the place and employed Mr. Gilbert to help him during the winter. He was to do everything that was to be done on the place. The evidence was that he chopped and hauled wood, milked, took care of the stock, hauled grain and did the road work. The purpose of the evidence was to prove that Mr. Gilbert did the work called for in his contract. If the road work was included in that work, it was proper to allow plaintiff to prove that it was done. If it was so included, and so understood by the parties, it required no special request of defendant to Mr. Gilbert to do it. The contractual relation with reference to the road work, if it was within the terms of the contract, was established by the express contract.

114 Or.—33

The evidence was to the effect that Mr. Gilbert did the work with defendant's team. They both worked on the road. Under the circumstances, it would not be unreasonable to infer that both parties considered the work within the terms of the contract. In any view, the ruling did not harm the defendant. The case was not on the *quantum meruit*. Nothing was claimed for this work beyond the $50 per month. The jury found that Mr. Gilbert did all of the work he was required to do for the price. If he did some work besides, and the jury included it, the verdict is not thereby increased. If the view of appellant is correct that this work was voluntary, then, if it was done on defendant's contribution, he gets more work for the $50 than he was entitled to. The ruling of the court was correct, and, if not, was harmless.

3. The second assignment presents the ruling of the court admitting evidence in answer to the question, "What was the car used for?" The automobile was the property of the wife of the defendant. It had been badly wrecked. The witness had testified that her mother, the wife of defendant, had asked him for the money to pay for the repairs; that he had said he did not have it; that his wife then suggested that she borrow it from the plaintiff, and he said that was all right. Then the question addressed to the witness, now under consideration, was asked. The answer was, in effect, that it was used by defendant, his wife, and the witness, her daughter. The objection to that answer urged in the brief is that "the cause of action was for money paid, and the defendant would be liable no matter where the money went, if he promised, expressly or impliedly, to repay the same." Conceding that to be the rule, the answer was, nevertheless, relevant to an issue

of fact made at the trial. The appellant there and here urges that the testimony to the effect that defendant told his wife to "get it [the money] from your mother; it is all right," was not sufficient to constitute a request by him for the money. If that question was left in doubt as to the inference to be drawn from it, the doubt was for the jury to resolve. If defendant was using the machine, he had an interest in having it repaired to be fit for his use, whether he was liable for the repair bill or not. That interest would supply a motive for borrowing the money to pay the bill for the repairs, which were beneficial to him, and the evidence of that interest would aid the jury in determining whether he authorized his wife, in his behalf, to borrow the money therefor.

The objection to the question was that it was incompetent, irrelevant and immaterial. Against an objection no more specific than that, if the evidence was relevant for any purpose, it was not error to admit it. It was relevant for the purpose above stated.

All of the other assignments arise upon the motion for a nonsuit and for a directed verdict. The defendant, resting his case without offering any evidence, the two motions, being identical in language, present the same questions. Of these in their order:

It is here contended that the proof failed to show that appellant was administratrix, thus defeating her title in her individual capacity to the claim sued upon. The ground of this contention is that the letters of administration, which were received in evidence without objection, recite the appointment to be effective "upon her filing a bond in the sum of

two hundred and fifty dollars." The contention is that, not only by virtue of the recital, but by virtue of Section 1153, Or. L., the administratrix is not authorized to act as such until she has filed her bond. The question was not raised at the trial, unless it is raised in the motion for a nonsuit. But the motion, quite full in other respects, fails to point out this defect in the proof, if it was a defect, as a ground of the motion.

4. Where the motion does not go to the insufficiency of the whole evidence, but only to a want of proof of some particular element that could be supplied, the rule in this court is that the motion must specify the particular ground, or it is deemed waived: *Ferguson* v. *Ingle,* 38 Or. 43 (62 Pac. 760); *Meier* v. *Northern Pac. Ry. Co.,* 51 Or. 69 (93 Pac. 691); *Hammer* v. *Campbell Gas Burner Co.,* 74 Or. 126 (144 Pac. 396).

5. In any event, the question here raised is settled adversely to the appellant's contention. The presumption is that the administratrix filed her bond at the time of the appointment. The contrary would have to be shown by the appellant: *Aiken* v. *Coolidge,* 12 Or. 244 (6 Pac. 712).

6–8. The next assignment we notice is that the evidence failed to prove that the account sued on in the first cause of action had been assigned by the respondent in her representative capacity to her in her individual capacity, so as to give her title. We can better understand the evidence challenged by this objection by examining the nature of the transaction relied upon to vest the title in plaintiff in her individual capacity. The object was to constitute her, individually, the real party in interest, so as to be able to bring this action in her individual capacity.

That may be done by an assignment without consideration, the beneficial interest remaining in the assignor: *Dawson* v. *Pogue,* 18 Or. 94 (22 Pac. 637, 6 L. R. A. 176); *Gregoire* v. *Rourke,* 28 Or. 275 (42 Pac. 996); *Levins* v. *Stark,* 57 Or. 189 (110 Pac. 980).

The administrator cannot become a purchaser of property of the estate at his own sale: Section 1276, Or. L.; *Lombard* v. *Carter,* 36 Or. 266 (59 Pac. 473); *Marquam* v. *Ross,* 47 Or. 374, 404 (78 Pac. 698, 83 Pac. 852, 86 Pac. 1); *Acton* v. *Lamberson,* 102 Or. 472 (202 Pac. 421, 202 Pac. 732).

This case is not within that rule, because the plaintiff here takes the title only for the "purpose of bringing the action." The beneficial interest remains with her, as administratrix, according to the nature of her trust. The use of the word "sold" in her allegation is surplusage: *Gregoire* v. *Rourke, supra.*

The plaintiff, therefore, is the real party in interest, within the meaning of the law, although she does not have, nor claim to have, in her individual right, any beneficial interest in the account or money sued for, unless she has failed to prove that she has in fact acquired such title to the demand against the defendant as enables her to maintain the action.

An assignment made for the purpose of bringing an action is usually a transaction between two persons. The proof of such an assignment involves proof of the concurrence of two wills. But here there is only one person, and, of course, one will. No negotiation, or agreement, or ceremony, or delivery is necessary or possible to effect the transfer of title. Plaintiff simply decides to do it, and that decision, depending upon her will alone, is sufficient when it is overtly manifested by an act susceptible of proof. In the light of that view, the plaintiff's testimony was posi-

tive and unequivocal that, as administratrix, she assigned this claim to herself as an individual.

On cross-examination counsel pressed her for some evidence of an "assignment" of the claim before the action was brought. He seemed to have the idea that some formal action was necessary on her part, before the action, to constitute the assignment. We have seen that this was not necessary or possible. She did not understand the questions, and did not answer many of them responsively, but she finally stated that she did all of her talking and signing the same day she saw her attorney. That was the day she authorized him to bring the action. The bringing of the action, with the allegation of her assignment for the purpose stated, was itself a sufficient manifestation of her assumption of the title, with the legal responsibilities and rights that went with it.

9. The defendant has no concern with the question of the capacity in which plaintiff sues him, provided he is protected by the judgment. And he is protected here. When plaintiff recovers this money she recovers it for the estate, and when it comes to her hands *eo instanti* it belongs in her hands to her as administratrix, and she must account for it to the probate court. In paying the judgment, therefore, the defendant pays the debt due the administratrix, which she receives, and he is safe from the danger of further claim. Such are the holdings in *Burrell* v. *Kern,* 34 Or. 501 (56 Pac. 809); *Sears* v. *Daly,* 43 Or. 346 (73 Pac. 5); *Reed* v. *Hollister,* 95 Or. 656 (188 Pac. 170).

These were cases in which the actions were brought by the administrator or executor in his individual capacity, and it was held that he might sue in his representative or individual capacity at his election.

But the ground of the holdings was that the money collected was an asset of the estate and had to be accounted for. The principle is applicable here. The objection to the evidence of assignment is without merit.

10. It is next contended that the second cause of action on the *quantum meruit* for labor and services for the defendant must fail because the plaintiff was at the time a member of the family, living with the defendant and his stepdaughter. The cases of *Bennett* v. *Stephens,* 8 Or. 444, *Wilkes* v. *Cornelius,* 21 Or. 348 (22 Pac. 473), and *Franklin* v. *Northrup,* 107 Or. 537 (215 Pac. 494), are relied upon, which hold that no promise is implied to pay for services performed by near relatives.

The evidence tended to show that plaintiff lived in Portland, but that she went to defendant's home with her husband, who was under contract to do work for defendant about the place. The defendant's wife was plaintiff's daughter. It cannot be said, as a matter of law, that the plaintiff was within the rule of the authorities cited. The court, by an instruction excepted to, submitted the question to the jury. This was not error: *Ingram* v. *Bayse,* 67 Or. 257, 263 (135 Pac. 883).

11. The complaint was verified the day before it was filed and the day before the appointment of plaintiff as administratrix. The objection is made that the verification was not true when made. It was doubtless prepared in contemplation of the next day's appointment. But, at any rate, the verification, as well as the complaint, speaks as of the time when the action was commenced by filing the complaint. It is sufficient if it was then true.

12. A criticism is made of the complaint that it charges that plaintiff was administratrix "at all the times mentioned" in the complaint, which would include the time her intestate was working for the defendant. But the language quoted is not material, and is surplusage. It was only necessary that the plaintiff be the administratrix at the time of her assignment of the claim.

The other assignments of error not particularly noticed are covered by the opinion.

No error appearing, the judgment is affirmed.

AFFIRMED. REHEARING DENIED. MOTION FOR MODIFICATION DENIED.

BURNETT, J., took no part in the consideration of this case.