Argued 13 November; decided 8 December, 1902.

## KITCHEN *v.* HOLMES.

[70 Pac. 830.]

INCOMPLETE PLEADING CURED BY VERDICT.

1. Verdicts many times cure formal defects in pleading, where the omission is not on a vital point; for instance, an objection that a complaint in an action to recover borrowed money does not contain an allegation that defendant agreed to repay the money loaned is cured by a verdict for plaintiff.

AGENCY—CONTRACT FOR UNKNOWN PRINCIPAL.

2. A contract made by an agent for an undisclosed principal is the contract of such principal and may be so sued on; thus, a principal whose money has been loaned by an agent in his own name, may maintain an

action therefor against the borrower, even though the latter did not know of the agency when the money was borrowed.

PLEADING—TERM "ADMINISTRATRIX" AS DESCRIPTIO PERSONAE.

3. A designation of a party to a contract as "widow," or "administratrix," or the like, is not conclusive as to the capacity in which the person was acting; it is usually considered merely descriptive, but, in connection with other circumstances, should be considered in determining the intention of the parties.

PLEADING—VARIANCE.

4. In a case where it is admitted that the events charged in the complaint actually occurred, and the parties differ only as to the capacities in which they were acting, the date of the occurrence is not material, and a difference between the date charged and proved is not a variance.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by Olevia E. Kitchen against W. H. Holmes to recover money. It is averred in the complaint that on or about the 9th day of April, 1898, the plaintiff loaned the defendant $840, to be repaid one year after date, with interest at 8 per cent per annum; that, as evidence of his indebtedness therefor, defendant executed and delivered to plaintiff his promissory note for the amount so loaned, payable on or before one year after date, with interest at the rate above specified; that no part of the note, principal or interest, has been paid, and that there is now due and owing from defendant to plaintiff the whole of the principal sum of $840, and interest thereon from the 9th day of April, 1898. The answer denies the allegations of the complaint, and for an affirmative defense alleges that one H. R. Holmes loaned and advanced to the defendant the money which was the consideration of the note mentioned and referred to in the complaint; that on or about the 21st day of October, 1896, Holmes died, and on November 20th the plaintiff was appointed administratrix of his estate, and duly qualified as such; that on the 9th day of April, 1898, the defendant executed and delivered to her, as such administratrix, the promissory note referred to in the complaint, wherein and whereby he promised and agreed to pay her, as such administratrix, the money previously borrowed by him of her husband, and that the only consideration therefor was his indebtedness to the estate, and not to the plaintiff in her individual capacity; that thereafter, and on the 9th day of

May, 1898, the plaintiff was removed as such administratrix, and one D. J. Holmes appointed as her successor, who is now the duly qualified and acting administrator of the estate; and that the said indebtedness of the defendant, and the promissory note as evidence thereof, are the property of the estate. A reply put in issue the material allegations of the answer, and upon the issues thus joined the cause was tried. Upon the trial the plaintiff gave evidence tending to show that in February, 1896, she loaned to the defendant, through her then husband, H. R. Holmes, $540, and soon thereafter loaned him $300 additional in person; that, after the death of her husband, and her appointment as administratrix, she demanded the repayment of the money so loaned, and the defendant thereupon made and forwarded to her, by mail, his promissory note, of which the following is a copy:

Salem, Oregon, April 9, 1898.
On or before one year after date I promise to pay to Olevia E. Holmes, administratrix, the sum of Eight Hundred and Forty Dollars in U. S. Gold Coin, with interest on the same at 8 per cent per annum from date until paid, for value received.
W. H. HOLMES.

The jury returned a verdict in favor of the plaintiff, and defendant thereupon moved for a judgment in his favor notwithstanding such verdict, on the ground that the complaint did not state facts constituting a cause of action. This motion was overruled, and judgment entered in favor of the plaintiff, from which the defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John H. McNary.*

For respondent there was a brief over the names of *William M. Kaiser* and *Woodson T. Slater,* with an oral argument by *Mr. Slater.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. The motion for judgment notwithstanding the verdict was properly overruled. The defect in the complaint, if any,

is a matter of form, and not of substance, and is cured by the answer and verdict. The complaint alleges that the plaintiff loaned the defendant the amount of money stated, to be repaid in one year after date; that as evidence thereof he executed and delivered to her the promissory note referred to; that no part of the note, either principal or interest, has been paid, and that there is now due and owing from defendant to plaintiff the whole of the principal sum so loaned, with interest thereon. The answer admits that defendant borrowed the money, and made and delivered to plaintiff the promissory note mentioned; but it avers that the money did not belong to the plaintiff but to her husband, and that the amount thereof is now owing to his estate. It is thus substantially admitted in the answer that the money mentioned in the complaint was actually borrowed by the defendant, and, although past due, has not been repaid. The only issue made is whether the money belonged to the plaintiff, and was loaned by her to the defendant, either in person or through an agent, or whether it was the property of her husband, and now belongs to his estate. That question was determined by the jury, and any defect in the complaint in failing to allege in direct terms a promise by the defendant to repay the money borrowed, or a breach of such promise, was cured by the verdict: *Creecy* v. *Joy,* 40 Or. 28 (66 Pac. 295).

2. The evidence tending to show that H. R. Holmes was acting as the agent of the plaintiff in making the loan to the defendant, and that the money in fact belonged to her, was competent, even though the defendant had no knowledge of such agency at the time he borrowed the money. The law is that, where an agent enters into a contract on behalf of his principal without disclosing the principal's existence, the latter is entitled to sue thereon in his own name: *Barbre* v. *Goodale,* 28 Or. 465 (38 Pac. 67, 43 Pac. 378); Clark, Cont. § 308. And in doing so it is ordinarily not necessary to allege that the contract was made through the agent: 16 Enc. Pl. & Pr. 899.

3. There was no error in the instruction to the jury that the

mere addition of the word "administratrix" to plaintiff's name in the note given to her by the defendant was not conclusive evidence that the contract was made with her in her capacity as representative of her deceased husband's estate, nor in illustrating such instruction by saying that it was no more conclusive than if the words "widow," or "native of Oregon," had been used; but that the jury were entitled to consider the form and language of the note, with the other circumstances in the case, in determining whether in fact the money was borrowed from the plaintiff or from her deceased husband. The action is not brought upon the note, but upon an alleged contract, made almost two years prior to its execution. The note is important only as evidence bearing on the question whether the money was loaned to the defendant by the plaintiff or by her deceased husband. Where a note is made payable to a person by name, the mere addition of the word "administrator," "executor," or the like, is generally considered a mere description of the person, not tending so much to show the capacity in which he takes the note as serving to identify him as an individual (*Burrell* v. *Kern*, 34 Or. 501, 56 Pac. 809), although, in connection with other circumstances, it may indicate an intention to limit the maker's liability to him in a representative capacity.

4. The variance between the evidence tending to show that the loan was made in 1896 and the averment of the complaint that it was made in 1898 is not material. There was no controversy on the trial as to the defendants actually borrowing the money mentioned and referred to in the pleadings. That fact was admitted. The only question was whether the money belonged to the plaintiff or to her husband, and it was immaterial for the purposes of the trial whether the loan was made in 1896 or 1898. This disposes of the assignments of error, and, for the reasons given, the judgment of the court below will be affirmed.          AFFIRMED.