Argued January 22, reversed and remanded March 2, rehearing denied April 6, 1920.

# REED *v.* HOLLISTER.

### (188 Pac. 170.)

**Trusts—No Cause of Action Against Trustee for Refusal to Deliver Funds Until Demand for Accounting.**

1. Where defendant had been intrusted with funds by plaintiff's intestate for purpose of investment, and refused to deliver up the money, or deliver up possession of the securities purchased therewith, no cause of action arose against defendant until a demand for an accounting and settlement had been made.

**Executors and Administrators—Foreign Administrator may Sue in Individual Capacity on Foreign Judgment Obtained by Him in Spite of Statute.**

2. Judgment recovered in another state by administrator for defendant's refusal to deliver intestate's funds invested in capacity of trustee, or deliver securities purchased, could be made the basis of a cause of action, notwithstanding Section 761, L. O. L., limiting administrator's authority to jurisdiction of government under which he was invested with his authority, since such action can be brought by administrator in its individual capacity, both original cause of action and cause of action to enforce judgment having accrued subsequent to intestate's death.

**Judgment—Of Other State Conclusive in Action to Enforce it.**

3. Judgment of court of general jurisdiction of other state having jurisdiction over defendant's person either by regular service of process or voluntary appearance, in a proceeding so stated in the pleadings as to call for the exercise of the court's jurisdiction if pertinent to the issues raised by such pleadings, is final and conclusive when pleaded as a ground of action in this state.

**Judgment—Of Other State may not be Attacked in Action Thereon For Errors at Trial.**

4. Though defendant, when sued on the judgment of a sister state, may challenge the jurisdiction of the court, of the subject matter, and of his person, and complain that the judgment was not one authorized by the pleadings, yet, under constitutional provision requiring full faith and credit to be given to the judgment of a sister state, cannot be attacked because of mere errors committed by the court during the trial of the case.

From Coos: JOHN S. COKE, Judge.

Department 1.

This is an action to recover from the defendant upon a judgment which the plaintiff says he obtained in a court of the State of California. The complaint in this action here follows:

"The plaintiff complains of defendant and for cause of action alleges:

"That at all times hereinafter mentioned, the Superior Court of the State of California, in and for the County of San Diego, was a court of general jurisdiction, duly created and organized under the laws of that state.

"That on the 20th day of July, 1915, the plaintiff commenced an action in said court against the defendant Frederick Hollister by the issuance of a summons, which summons was duly and personally served upon said defendant, and in which action the defendant appeared in person, and by Joseph S. Campbell, Esq., his attorney.

"That thereupon such proceedings were had therein in said court, that on the 9th day of January, 1917, the said cause was tried before the court, without a jury, and said Frederick Hollister, defendant herein, appearing personally therein, and that on the 19th day of January, 1917, a judgment in the sum of thirty thousand five hundred and eighty-three and 33–100 ($30,-583.33) dollars was duly given and made by said court in favor of the plaintiff and against the defendant.

"That said judgment has not been paid nor any part thereof, and that the whole thereof remains due and payable from the defendant to the plaintiff.

"Wherefore, the plaintiff prays judgment against the defendant herein for the said sum of thirty thousand five hundred eighty-three and 33–100 ($30,583.33) dollars, together with interest thereon from the 19th day of January, 1917, and for costs in this suit expended."

In the answer the defendant does not in any wise deny the complaint, but sets forth a copy of the complaint in the California action as follows:

95 Or.—42

"In the Superior Court of the State of California, in and for the County of San Diego.

"No. ———

"Edwin Reed, Administrator of the Estate of Frances S. Furry, Deceased,

"Plaintiff,

vs.

"Frederick Hollister,

"Defendant.

"Amended Complaint.

"The plaintiff complains of the defendant and for his cause of action alleges as follows:

"That the plaintiff was, on the 13th day of July, 1915, duly appointed administrator for the estate of Frances S. Furry, deceased; that he has duly qualified as such administrator and ever since the same day, and has been and now is the administrator of said estate.

"That Frances S. Furry died on the 25th day of March, 1914, in the city of San Diego, State of California.

"That some time subsequent to November, 1912, and before her death, the said Frances Furry delivered to the defendant Frederick Hollister, the sum of $32,000.00 with instructions to invest the same for her in first mortgages and other good and sufficient securities in the state of Oregon, and elsewhere.

"That the said Frederick Hollister did invest the said sum of $32,000.00 in mortgages and other securities, a complete list thereof being delivered to the said Frances Furry, but that a careful search of the papers of the deceased fails to disclose the said list so that plaintiff is unable to give full and complete list of said securities and mortgages.

"That said defendant invested said money and purchased said mortgages for and on behalf of the said Frances S. Furry; that she received no evidence of the indebtedness or property, and that he retained the possession of the said evidence of indebtedness and property and has at all times herein mentioned and now

still retains the possession thereof, notwithstanding that demand has been made therefor.

"That the said defendant paid to said Frances S. Furry during her lifetime the interest and income derived from said securities and at the time of her death the said Frances S. Furry was entitled to possession of said securities and property and said defendant held the same for and on her account subject to her order; that defendant has no right, interest, or lien against said securities and property.

"That since the death of said Frances S. Furry, the said defendant has retained the possession of the said evidence of indebtedness and property, and has converted a part thereof into money, and that he still withholds said evidence of indebtedness and property, and the money derived therefrom and refuses and declines to account for and to transfer said securities and money to plaintiff.

"That the plaintiff has demanded of the defendant that he account to the estate of Frances S. Furry for all money or moneys received by him, to transfer all securities held by him that are part of the estate of Frances S. Furry, deceased, and that he pay to the plaintiff such sum or sums as may be found by such accounting to be due to the said estate by reason of the transactions hereinbefore set forth, but that he has declined, refused and neglected to do so.

"Wherefore plaintiff prays:

"1. That the defendant, Frederick Hollister, be ordered to file an account of all transactions had with reference to the investment and re-investment of the said $32,000.00.

"2. That the said Frederick Hollister be required to account to the plaintiff as administrator of the estate of Frances S. Furry, for such a sum or sums as may be due said estate by reason of said transaction.

"That the said Frederick Hollister be required to set over to and transfer to the estate of Frances S. Furry, any and all mortgages and other forms of indebtedness which were purchased from the moneys entrusted to him by said Frances S. Furry, for the

purchase of investments, and such and further relief as to this court may seem just and equitable.''

Also, in the answer in the instant cause appears the answer in the California action, concerning which it is enough to say that after admitting that the plaintiff was appointed administrator of the estate of Frances S. Furry, deceased, and that she died as stated in the complaint there, it denies all the allegations of the complaint there. In other words, there was a plea of the general issue only, without affirmative matter.

After setting forth these pleadings, and stating that there was no reply filed in the California case, the answer here goes on to set out the statements made by the respective council in opening the case at the trial, besides sundry dialogues between the court and council, and states that the wills of William Henry Hollister, of the City of New York, and of Philoclea A. Hollister, a resident of the State of Oregon, were introduced in evidence, all of which is followed by the findings of fact and conclusions of law entered in the California case, and the recital that judgment ''was entered as alleged for $30,583.33 with costs.'' The answer also pleads certain statutes of the State of New York relating to the execution of powers; that on February 5, 1917, George Stanton Hollister, one of the children of Philoclea A. Hollister, commenced a suit against the present defendant in Coos County, Oregon, to construe the wills of William Henry Hollister and Philoclea A. Hollister, which resulted in a decree to the effect that the residuary clause of the latter will operated to execute a power vested in that testatrix by the former will, whereby this defendant was entitled to receive a trust fund of $40,000 mentioned in the William Henry Hollister will, on account

of all of which the defendant contends that the plaintiff should be estopped from claiming that there is anything due from the defendant to the plaintiff. The defendant also states that during all the time mentioned herein he was a citizen of Oregon, residing and domiciled at North Bend, in Coos County, Oregon.

Afterwards, without further pleading, so far as the abstract discloses, each party moved for judgment in his favor according to the prayer of his pleading. The court passed judgment for the defendant to the effect that he recover from the plaintiff his costs, taxed at $5, and that the plaintiff take nothing. The plaintiff appeals.    REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Williams & Bean, Mr. Vernon M. Parsons* and *Messrs. Henning & McGee,* with oral arguments by *Mr. John M. Williams* and *Mr. Parsons.*

For respondent there was a brief over the names of *Mr. A. S. Hammond, Mr. C. J. McKnight* and *Mr. J. D. Goss,* with oral arguments by *Mr. Hammond* and *Mr. McKnight.*

BURNETT, J.—Relating to judgments of the courts of a sister state, Section 761, L. O. L., reads as follows:

"The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action, suit or proceeding, and except also that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority."

On superficial observation it would seem from the title of the cause that the plaintiff is seeking to exercise authority in this state as an administrator, with the possible inference that he was appointed as such by a court of some other state. Except as indicated in the title of the cause, the complaint in the Oregon court says nothing whatever about plaintiff's being possessed of any representative character. The California complaint merely narrates that he was the duly appointed administrator of the estate of Francis S. Furry, and that he is now such an officer, duly qualified, but does not state the source of his appointment. However that may be, and wherever he may have been appointed, it is not decisive of the case, nor does it bring the issue within the exception limiting the authority of an administrator under Section 761, L. O. L. In *Burrell* v. *Kern,* 34 Or. 501 (56 Pac. 809), in an opinion by Mr. Chief Justice WOLVERTON it was held that executors may sue either individually or in their representative capacity, at their option, on causes of action, either in contract or in tort, accruing after the death of the intestate or testator, and that in such cases complaint need not show for whose estate they are executors. That was a suit to foreclose a mortgage, in which the plaintiffs styled themselves in the title of the cause: "Walter F. Burrell and D. P. Thompson, Executors." They further alleged in the body of the complaint that they were the duly appointed, qualified and acting executors of the will of M. S. Burrell, deceased. They charged that the defendants executed a note to "W. F. Burrell and D. P. Thompson, Executors," which was secured by the mortgage of the defendants. Failing in their effort to have the complaint made more definite and certain, so as to show the name of the deceased for whom the plaintiffs

acted as executors, in taking the note in the form noted, the defendants demurred on the same ground, claiming that the complaint did not state facts sufficient to constitute a cause of suit. In the course of his discussion of the matter Mr. Chief Justice WOLVERTON said:

"The prevailing rule seems to be, with possibly some few exceptions, that when the cause of suit or action, whether in contract or in tort, accrues after the death of the testator or intestate, the money, if recovered, will be assets of the estate, and the executor or administrator may sue, at his option, in either his representative or individual capacity. * * The use of the word 'executors' in the title of the cause and in the note is a mere *descriptio personae,* and does not of itself operate to attach to plaintiffs a representative character, * * and may be regarded as surplusage. * * As the note and mortgage in question were made, executed and delivered to the plaintiffs, and not to their testator, they were authorized, under the rule, to sue in either their representative or individual capacity; and it is very apparent that the complaint states a good cause of suit in one or the other capacity, and is amply sufficient as against the test of a general demurrer."

Like doctrine was announced in *Kitchen* v. *Holmes,* 42 Or. 252 (70 Pac. 830), where the plaintiff was permitted to recover in her individual capacity on a note given to herself as administratrix. Later, in *Sears* v. *Daly,* 43 Or. 346 (73 Pac. 5), the same principle was laid down allowing an executor to recover either as an individual or in his representative capacity, at his election, upon a note given to him after the death of his decedent.

In the instant case the plaintiff appears in court to enforce a cause of action upon the judgment of a sister state, which cause of action accrued to him after the death of his decedent. Going further back into the

California complaint, we find the substance of it to be that the defendant here was intrusted by the decedent with her money, to be invested and managed by him in the capacity of a trustee.

1. Manifestly, no cause of suit or action against him could arise until a demand for an accounting and settlement. ˙ This demand was not made, according to the narration in the California case, until after the death of Frances S. Furry. Hence the cause of action accrued not in her favor, but on behalf of her personal representative.

2. Thus, whether we consider it in its original form or in its changed state as embodied in the California judgment, the cause of action accrued after the death of the decedent, so that, under the authority of *Burrell v. Kern* and other precedents, the plaintiff may sue either in his original capacity or as the personal representative of the decedent. Payment to Reed in Oregon either as an individual or as administrator should discharge that judgment. If he recovers as an individual in this action, he is bound to account to the decedent's estate for the proceeds of the judgment rendered here. We conclude, then, that the plaintiff may be considered as prosecuting this action in his individual capacity, and is not restricted by the exception in Section 761, L. O. L.

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof": Article IV, Section 1, United States Constitution.

3. It is a principle well grounded in precedent that, given a court of general jurisdiction under the laws of a sister state, having authority over the person of a

defendant either by regular service of its process upon him or by his voluntary appearance and submission to the jurisdiction, and a suit, action or proceeding so stated in the pleadings as to call for the exercise of the court's jurisdiction, its judgment rendered in pursuance of and consonant with, that invocation of its authority is final and conclusive when pleaded as a ground of action in another state. This is the doctrine laid down in *De Vall* v. *De Vall,* 57 Or. 128 (109 Pac. 755, 110 Pac. 705), in an opinion by Mr. Justice MOORE. The complaint in the instant action is confessed *in toto.* We have, then, two of the necessary conditions admitted, viz.: That there was a court of general jurisdiction of a sister state, that the defendant was served with process, and that he appeared in person in the action in the California court. In other words, it is conceded that the California court had the right to entertain and determine the kind of a case there involved, thus establishing jurisdiction over the subject matter. Further, the defendant admits that he was served with the process of that court, and afterwards appeared there and personally participated in the trial of that action which resulted in the judgment of that court. Jurisdiction of the person of the defendant in that litigation is thus apparent.

The effort of the defendant here seems to be an attack, not upon the assumption of jurisdiction by the California court in the first instance, but upon its subsequent exercise of that authority. In substance, as stated, the suit in California was for an accounting of moneys said to be held by the defendant in trust for the decedent, Frances S. Furry, upon which the general issue was joined. In effect, the prayer of the complaint there was that the defendant be required to account to the plaintiff for such sum or sums as might be due

the estate by reason of the transactions between the defendant and the decedent, and for such further relief as the court might therein deem to be equitable. In other words, the endeavor was to get from the defendant the property of the decedent, in whatever form it had to be taken under his administration. A decree for the direct payment of money was germane to the issues there joined upon the pleadings. It is a matter of frequent occurrence that suits for an accounting are concluded by a decree in favor of the plaintiff for a certain sum of money. We have, therefore, in the instant case a complaint properly calling for the exercise of the authority of the court of a sister state and a judgment in form consonant with that request.

4. It is indeed true, that when an action is brought in this state upon the judgment of a sister state, the defendant is permitted to challenge the jurisdiction of the court, not only of the subject matter, but over his person, and to complain that the judgment was not one authorized by the pleadings. Thus far, the attack may proceed, but no farther, else we would violate the constitutional injunction to give full faith and credit to the judgment of a sister state. For instance, A. institutes an action against B. in a court of general jurisdiction in a sister state, claiming judgment for money due upon a promissory note. Although B. might appear and contest the action, yet, if the court should render judgment requiring him to convey a tract of land to A., it would not preclude the defendant from resisting an action on such a judgment in Oregon. The reason is that the court there had no authority to render such a judgment. It was not within the scope of the plaintiff's demand for the exercise of the judicial function. On the other hand, we are not concerned with possible errors committed

by the court during the trial of the cause, as upon the admission or the construction of writings offered in evidence, or instructions to the jury, or anything of that kind. The opposition to the collection of a judgment of a sister state by an action in this state cannot be carried to the extent of constituting our courts appellate tribunals to correct the possible errors of the California court. No appeal lies from the courts of that state to the courts of Oregon. When the final judgment was rendered there it became final everywhere. It meets the threefold test of: (1) jurisdiction over the subject matter or right to hear and determine the kind of case involved; (2) jurisdiction over the defendant's person by service of process upon him and his actual personal appearance and participation in the trial of the action; and (3) a judgment pertinent to the issues made by the pleadings in the California litigation. If errors were committed in the trial there, the defendant must find his remedy in his appeal to the courts of that state. We cannot give them attention. The result is that the judgment of the Circuit Court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED. REHEARING DENIED.

MCBRIDE, C. J., and BENSON and JOHNS, JJ., concur.