Argued January 3, affirmed January 30, 1923.

## REED *v.* HOLLISTER.

(212 Pac. 367.)

**Appeal and Error—Decision as to Sufficiency of Complaint Held Law of Case on Subsequent Appeal.**

1. Where, on a former appeal, a complaint was held to state a good cause of action on a judgment, such decision was the law of the case upon that point in a second appeal; the complaint not having been amended or changed.

**Pleading — Answer not Denying Any Fact Alleged in Complaint
    Admits All Material Facts Alleged.**

2. An answer, which consists of affirmative allegations only and
contains no denial of any fact alleged in the complaint, admits
all of the material facts alleged.

**Judgment — Judgment Against Nonresident on Personal Service
    Within State Held Binding in Other States.**

3. A nonresident of the state, who voluntarily comes into the
state, submits himself to the jurisdiction of its courts, and, when
actually served with process there, the court acquires jurisdiction
over his person, and a judgment rendered against him is as binding
on him in another state as it is in the state where it is rendered.

**Appearance—Court of a Foreign State Held to have Acquired
    "Jurisdiction" of Person of Nonresident Who Appeared and
    Answered.**

4. Where a resident of Oregon voluntarily went to California
and was there personally served with summons upon which a judg-
ment was rendered, defendant appearing and answering, he thereby
submitted himself in all respects to the "jurisdiction" of the court
which has the right to adjudicate concerning the subject matter in
a given case, and includes not only the power to hear and deter-
mine, but power to render the particular judgment in the particular
case, as well as the power to enforce the judgment when rendered.

**Judgment—Force and Effect of Judgment of Sister State Stated.**

5. A judgment of a sister state rendered by court having juris-
diction upon personal service and appearance is under Section 761,
Or. L., the same in Oregon as in the state where rendered, except
that it can only be enforced by an action, suit, or proceeding, and
under Section 764 may be impeached by evidence of want of juris-
diction, collusion or fraud, the force and effect to be given to it
being determined by Constitution of the United States, Article IV,
Section 1, and Acts of Congress of May 26, 1790, and March 27,
1804.

**Judgment—Must be Responsive to Issues Tendered by Pleadings.**

6. A judgment must be responsive to the issue tendered by the
pleadings, and a court has no authority to render a judgment on
issues not presented for determination.

**Appeal and Error—Questions of Law Decided on Former Appeal
    Become Law of Case so Far as Applicable.**

7. Questions of law which have arisen and been decided upon
former appeal become the law of the case so far as applicable to
facts developed on a subsequent trial.

**Judgment—Judgment Determining Ownership of Money Held Con-
    clusive Notwithstanding Erroneous Recital as to Method
    Whereby Defendant Obtained Possession Thereof.**

8. Where, in a suit for accounting, a court having jurisdiction
decided that a certain sum of money had been delivered to plain-

tiff's intestate by defendant, that in fact such money was not delivered by plaintiff's intestate to defendant but by a trust company, did not affect the matter, where the issue was as to the ownership of the money delivered to defendant and his conversion thereof.

**Judgment—Foreign Judgment Held Conclusive on All Matters Properly Adjudicated.**

9. Where a judgment was rendered in a sister state deciding as between two heirs which of them was entitled to certain money of the estate, the courts of this state cannot go behind such judgment nor re-examine it upon its merits in another action involving the rights of a third party to the property of the estate as against one of the parties to the original judgment, for such foreign judgment is conclusive evidence of every matter properly adjudicated and is entitled to the same faith and credit in this state as in the state where rendered.

From Coos: J. S. COKE, Judge.

In Banc.

This is an action on a final judgment recovered against the defendant in the Superior Court of San Diego County, California, which judgment was affirmed by the District Court of Appeals of that state in *Reed* v. *Hollister,* 44 Cal. App. 533 (186 Pac. 819). Plaintiff then commenced action on the judgment in the Circuit Court of Coos County, Oregon. The case is here for the second time upon appeal.

Upon the first appeal the defendant had filed an answer in which he set forth certain affirmative allegations as a defense to plaintiff's cause of action on the judgment, but the answer contained no denial of any of the allegations of the complaint. Thereupon, in the court below, the plaintiff and the defendant each moved for judgment on the pleadings, consisting of said complaint and answer. The court sustained the motion of the defendant and entered a judgment against the plaintiff, from which the plaintiff appealed. This court, in *Reed* v. *Hollister,* 95 Or. 656 (188 Pac. 170), reversed the judgment and remanded the cause. The defendant then filed an

amended answer in the lower court, which is an exact copy of the original answer, except it contains certain allegations hereinafter set forth in addition to those contained in the original answer. In his amended answer, as in the original, the defendant failed to deny any of the allegations of the complaint, thereby admitting all of them. All of the facts upon which the decision of this court was rendered upon the former appeal are set forth in the opinion then rendered. The only additional facts are those contained in the following averments of the amended answer, which alone, as stated, were added to those contained in the original answer. These averments are as follows:

"There was no testimony offered or received in any way contradicting the testimony of Mr. Hollister in regard to his settlement. During the progress of the trial the plaintiff introduced in evidence a copy of the receipt given by Frederick Hollister to the Central Trust Company of New York for $39,014.57 as his portion of the Trust Fund in question and said receipt contained the following:

" 'On account of a certain trust fund created by and under paragraph fourth of the Last Will and Testament of William Henry Hollister, duly admitted to probate in the Surrogate's Court of the County of New York on the 1st day of February, 1912, to the principal of which trust fund I became entitled on the death of Philoclea A. Hollister through a power of appointment in said Philoclea A. Hollister created by said last will and Testament and exercised by said Philoclea A. Hollister by her last Will and Testament.'

"Plaintiff also introduced in evidence a copy of the statement of the account of the Central Trust Company of New York, with reference to the said Trust Fund, as follows:

" 'Principal  ............................$40,000.00
" 'Interest to date  ......................  2,823.20

" '$42,823.20
" 'Paid as follows:
" 'Transfer tax  ........................$    400.00
" 'Trustee's commission  .................    685.55
" 'Joline-Larkin & Rathbone  .............    100.00
" 'Jno. Davis, service  ..................    950.00
" 'F. Hollister & Geo. S. Hollister as executors of Will of P. A. Hollister.....  1,673.08
" 'Fred Hollister personally  ............ 39,014.67

" '$42,823.20'

"It was admitted at the trial that Philoclea A. Hollister died in Oregon and that her estate was being probated in the County Court of Coos County, Oregon, at the time of the said trial, and that said estate was not settled. During his cross-examination the Defendant, Frederick Hollister, introduced in evidence a copy of the proceedings in the Surrogate Court of New York, showing that the Will of Philoclea A. Hollister was there admitted to probate and that George Stanton Hollister and Frederick Hollister were there appointed executors, and the Defendant introduced a copy of the proceedings of the Surrogate Court of New York, showing that proceedings upon the final settlement of the estate of William H. Hollister occurred after the will of Philoclea A. Hollister had been admitted to probate and said George Stanton Hollister and Frederick Hollister were served with notice and appeared as executors of the last will and testament of Philoclea A. Hollister, by attorney, at said final settlement, and said final settlement included the following statement:

" 'February 27, 1913. Legacies paid — Central Trust Company of New York as trustee for Philoclea A. Hollister and others—

" '$40,000.00
" 'Income thereon  ......................  2,300.70
" 'Total........ 42,300.70

" 'Paid October 17, 1912, on account ....... $1,200.00
" 'Paid balance February 18, 1913 ...... 41,100.70
               " 'Total........ 42,300.70'

"That the above named Philoclea A. Hollister died on or about October 3, 1912, leaving a last will and testament which has been duly admitted to probate in the State of Oregon, and letters testamentary issued to Frederick Hollister and George Stanton Hollister.

"That proceedings were instituted in the Surrogate's Court of the County of New York, State of New York, for the appointment of ancillary executors and said Frederick Hollister and George Stanton Hollister have been duly appointed ancillary executors by the Surrogate of the County of New York. That the residence of each of said executors is North Bend, Oregon."

We have set forth these additional allegations of defendant's amended answer, not because we deem them material, but in order that all of the facts now before us can be ascertained from the above statement and an examination of the opinion upon the former appeal.

Upon the filing of the amended answer the plaintiff moved for a judgment on the pleadings. The court awarded the plaintiff a judgment for the amount of the judgment sued on, and defendant has appealed therefrom.                              AFFIRMED.

For appellant ther was a brief and oral argument by *Mr. Austin S. Hammond.*

For respondent there was a brief over the name of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

RAND, J.—1. It was held by this court upon the former appeal of this cause that the complaint states

a good cause of action on the judgment. This complaint has not been amended or changed since the former appeal. The decision of this court upon this point is the law of the case.

2. The amended answer, which consists of affirmative allegations only, and contains no denial of any fact alleged in the complaint, admits all of the material facts alleged; and there is no allegation in the answer that the judgment has been paid. Therefore, the sole question presented upon this appeal is whether the facts alleged in the amended answer constitute a defense to plaintiff's cause of action on the judgment.

3. It appears from the allegations of the complaint and answer, none of which are denied, that the defendant was a resident of the State of Oregon, that while temporarily in the State of California, he was personally served with summons in the action in which the judgment was rendered. By voluntarily going to the State of California he submitted himself to the jurisdiction of its courts, and when actually served with process there, the court acquired jurisdiction over his person, and a judgment rendered against him is as binding on him in this state as it is in the state where it was rendered: See Freeman on Judgments (3 ed.), § 566.

4. After being served with process in that state the defendant appeared in the action and answered to the merits and was personally present on the trial. He thereby submitted himself in all respects to the jurisdiction of the court in that action.

The action in which the plaintiff secured the judgment in question was what, in this state, would be a suit for an accounting. The subject of the determination there sought was to ascertain how much, if any-

thing, the defendant owed the plaintiff, and to obtain a pecuniary judgment therefor. The judgment entered was a personal judgment requiring the defendant to pay a specific sum of money, and was strictly a judgment *in personam.*

As the defendant was actually served with process within the State of California, the court in that action acquired jurisdiction over the defendant and over the subject matter of the action. Jurisdiction is said to be the right to adjudicate concerning the subject matter in a given case, and includes not only the power to hear and determine, but also the power to render the particular judgment in the particular case, as well as the power to enforce the judgment when rendered, and jurisdiction of the subject matter means jurisdiction, not only over the particular case, but over the class of cases to which a particular case belongs: 7 R. C. L., p. 1029.

The Superior Court of San Diego County, California, under the Constitution and laws of that state, is a court of record having general jurisdiction. As the defendant appealed from the judgment there obtained, and the same was affirmed upon appeal, and has never been set aside or vacated, the judgment is a final judgment. And when properly pleaded and proved the judgment is conclusive evidence of every matter properly adjudicated in that action. Since the amended answer herein admits every fact essential to the jurisdiction of the court rendering the judgment, proof of the judgment is established by the admissions made by the answer.

5. The effect of this judgment, it being that of a sister state, is, under Section 761, Or. L., the same in this state as in the state where it was made, except that it can only be enforced here by an action, suit or

proceeding. Under Section 764, Or. L., this judgment "may be impeached and the presumption arising therefrom overcome by evidence of a want of jurisdiction in the court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings." But Section 1 of Article IV of the federal Constitution and the Acts of Congress of May 26, 1790, and March 27, 1804, are the supreme law upon all questions involving the faith and credit, and the force and effect that must be given to a judgment of a sister state.

6. The defendant, however, contends that the judgment as rendered was not within the issues made by the pleadings in that action, and was therefore an unauthorized judgment. It is elementary law that a judgment must be responsive to the issues tendered by the pleadings and that a court has no authority to render a judgment upon issues not presented for determination. This contention, however, was raised by the defendant in the District Court of Appeals of the State of California in that action and was by that court found to be without merit. The same contention was raised and overruled by this court on the former appeal in *Reed* v. *Hollister,* 95 Or. 656 (188 Pac. 170), where this court said: "We have, therefore, in the instant case a complaint properly calling for the exercise of the authority of the court of a sister state and a judgment in form consonant with that request."

7. The rulings made by this court upon the former appeal have become the law of the case and are conclusive on all legal questions arising upon a similar state of facts on this appeal, as it is an established rule that questions of law, which have arisen and been

decided upon a former appeal, become the law of the case so far as applicable to the facts developed on a subsequent trial: *Powell* v. *Dayton, etc. Co.,* 14 Or. 22 (12 Pac. 83); *Thompson* v. *Hawley,* 16 Or. 251 (19 Pac. 84); *Applegate* v. *Dowell,* 17 Or. 299 (20 Pac. 429); *Murphy* v. *City of Albina,* 22 Or. 106 (29 Pac. 353, 29 Am. St. Rep. 578); *Kane* v. *Rippey,* 22 Or. 299 (29 Pac. 1005); *Portland Trust Co.* v. *Coulter,* 23 Or. 131 (31 Pac. 282); *British Ins. Co.* v. *Lambert,* 32 Or. 496 (62 Pac. 180); *Hargett* v. *Beardsley,* 33 Or. 301 (54 Pac. 203); *Stager* v. *Troy Laundry Co.,* 41 Or. 141 (68 Pac. 405).

8. However, since the defendant again insists that this objection has merit, it is only necessary to say that it is based upon the sole ground that the complaint in the action tried in the Superior Court of San Diego County, California, alleged that $32,000 in money had been delivered by plaintiff's intestate in her lifetime to defendant, while the proof showed, and the fact was, that this money was not delivered by plaintiff's intestate to the defendant, but was delivered to the defendant by the Central Trust Company of New York. The matter in controversy was the ownership of this money which the defendant had received, retained and converted to his own use under a claim of ownership. Upon this issue that court had jurisdiction to determine the ownership of the money and having judicially determined that the money was the property of plaintiff's intestate, the court had power to enter a judgment in favor of the plaintiff for the amount thereof. The fact that the money was delivered to the defendant by the Central Trust Company and not by plaintiff's intestate, could not deprive plaintiff of the right to a judgment for the amount thereof, because a delivery by the Central

Trust Company of her money to the defendant, and his conversion thereof, made him accountable therefor. It was therefore proper for the court to enter the judgment upon which this action is brought.

Defendant's principal contention arises from the following facts: William Henry Hollister, a resident of New York, by last will and testament, gave to the Central Trust Company of New York, in trust, a sum of money amounting to about $40,000, to be invested and the income thereof to be paid to Philoclea A. Hollister during her lifetime, and upon her death to be paid to the beneficiaries designated in her last will, and gave to Philoclea A. Hollister the income thereof during her lifetime with the power of appointment by last will and testament. The defendant, plaintiff's intestate, and George Stanton Hollister, were the children and heirs at law of Philoclea A. Hollister. She left a last will and testament by the terms of which she executed the power of appointment. By the terms of her will she gave a legacy to plaintiff's intestate of $32,000, to other beneficiaries, legacies aggregating $6,000 and by the residuary clause of her will she gave all of the residue to the defendant. Philoclea A. Hollister, at the time of her death, had less than $2,000 in money and personal property of less value than $1,000. She had no real property and nothing except the trust fund from which the legacies could be paid. Her will gave and devised all of her property and was a complete execution of the power of appointment. Her will was admitted to probate and Frederick Hollister and George Stanton Hollister were appointed as executors thereof. The Central Trust Company paid to Frederick Hollister the principal of the fund. He claimed it as his own under the residuary clause

of his mother's will and in his receipt to the trust company so claimed. George Stanton Hollister and Frederick Hollister were residents of the State of Oregon, and Frances S. Furry was a resident of the State of California. George Stanton Hollister commenced a suit in the courts of this state against Frederick Hollister, contending that his mother's will was not an execution of the power and that therefore the trust fund descended in equal shares to the three children of Philoclea A. Hollister. The defendant, Frederick Hollister, averred that the residuary clause of his mother's will operated as an execution by her of her power of appointment, and that under the residuary clause thereof, the principal of the trust fund became his individual property. Frances S. Furry was not a party or privy to that suit, nor bound thereby, nor does the decree rendered therein affect the rights of the plaintiff as the personal representative of Frances S. Furry, deceased. Upon the issues tendered by the pleadings in that suit, this court held that as between the two parties litigant, the residuary clause operated to execute the power of appointment, and that the principal of the trust fund belonged to the defendant, Frederick Hollister. But in this connection it will be noted that in *Hollister v. Hollister, supra,* this court prefaced its opinion with this statement: "The only question for decision is whether the residuary clause in the will of Philoclea A. Hollister operates as an execution of the power which the will of William Henry Hollister conferred upon Philoclea A. Hollister," and that the court was careful to say "this adjudication will not bind strangers to the litigation." Plaintiff's intestate was a stranger to that litigation.

In the action brought against the defendant by the plaintiff as the personal representative of Frances S. Furry, deceased, in the Superior Court of San Diego County, California, that court decided, and its decision was affirmed upon appeal, that the giving to plaintiff's intestate by Philoclea A. Hollister in her last will and testament, of the legacy, operated to the extent of the legacy as an execution by Philoclea A. Hollister of her power of appointment, and that the defendant should account for said sum, and gave judgment accordingly. In that suit the defendant did not plead, nor was he in the position to plead the adjudication had between himself and George Stanton Hollister, as plaintiff's intestate was not a party to the suit nor bound thereby. The defendant insists that because of these facts the plaintiff ought not to be permitted to recover upon the judgment, and contends that it is the duty of the Oregon courts, having rendered the decision above stated, to protect him from the enforcement of the California judgment. In the case of *Hollister* v. *Hollister*, 85 Or. 316 (166 Pac. 940), the rights of plaintiff's intestate were not in issue, nor were they under consideration. If her rights had been under consideration in that case we think that it would have been held that the power of appointment was executed by Philoclea A. Hollister, not by any particular clause in the will, but by all of them, and that as between this defendant and plaintiff's intestate, the legacy given to plaintiff's intestate was an execution of the power, and to the extent of the legacy so given, plaintiff's intestate was the owner thereof and entitled to receive the same. But however that may be, the judgment of the California court, upon which plaintiff is now suing, is conclusive upon us as to the

rights of plaintiff to recover the amount of the judgment, and we are not at liberty to go behind said judgment and to inquire into said matter.

9. In other words, the defendant in effect contends that because, in the suit of *Hollister* v. *Hollister,* a controversy between George Stanton Hollister and this defendant alone, to which plaintiff's intestate was not a party nor in privity, this court in effect held that as between said parties litigant the fund was the property of this defendant and the plaintiff has been permitted to recover a part of the money included in that fund, that this judgment, since it is against a citizen of this state, should stand on the same footing as a foreign judgment and should be re-examined upon its merits and should be held to be only *prima facie* evidence of the matters adjudicated and to be subject to be impeached the same as if it were a foreign judgment. The right to enforce this judgment and the force and effect to be given to it is protected and guaranteed by the Constitution and laws of the United States. The courts of this state have no power to go behind it or to re-examine it upon its merits. On the contrary, it is conclusive evidence of every matter properly adjudicated and is entitled to the same faith and credit in this state as in the state where rendered.

Plaintiff's next contention is that by reason of the filing of an amended answer herein, a different state of facts is now presented than that appearing in the original answer, and that the amended answer does now state a defense to plaintiff's cause of action. An examination of these allegations which have been added to the original answer discloses that no fact nor combination of facts is alleged sufficient to destroy the validity of plaintiff's judgment. On the

contrary, defendant's answer is an admission of every fact essential to the validity of the judgment, and alleges no facts sufficient to impeach its validity. By giving to this judgment the same effect in this state that is given to it in the State of California, where it was rendered, as we are bound to do under the provisions of Section 761, Or. L., and the full faith and credit to which it is entitled under the provisions of Section 1, Article IV of the federal Constitution, and the statutes of the United States passed pursuant thereto, the facts alleged in the answer interpose no defense to its enforcement.

For these reasons the judgment appealed from will be affirmed.                                    Affirmed.