Argued July 12; affirmed September 11; motion to modify opinion
denied October 2, 1934

## McLEAN *v.* PORTER ET AL.
(35 P. (2d) 664)

*J. P. Kavanaugh,* of Portland (R. N. Kavanaugh,
of Portland, on the brief), for appellant.

*S. J. Bischoff,* of Portland, for respondent.

CAMPBELL, J. For some years prior to 1919,
Porter & Conley, Inc., a corporation, carried on the
construction business especially as contractors in the
construction of highways. It appears that, up to this

time, its business was not large. During the year 1919, it was awarded a contract of considerable importance for the construction of a part of the state highway in Morrow county, Oregon, and its officers felt that to carry on this contract it would require more capital than it could command. After some negotiations, A. E. Porter and M. J. Conley, who were the sole owners of the stock in Porter & Conley, Inc., entered into a partnership with Ellis McLean, plaintiff herein, each of the partners to have a one-third interest, and share profits and losses equally. The corporation, Porter & Conley, Inc., assigned its said contract for constructing a state highway in Morrow county, to the partnership. Several other contracts were obtained, either by the partnership or by its individual members, for the construction of highways. All these contracts were assigned to the partnership by whom the work called for therein was done, and payment therefor was made to A. E. Porter and M. J. Conley. This partnership continued until the spring of 1922, when it appears that some friction arose between the partners as to whether plaintiff was a general partner with A. E. Porter and M. J. Conley, or a partner only in certain contracts which were performed by the partnership.

On May 10, 1922, A. E. Porter, M. J. Conley, Ellis McLean and Porter & Conley, Inc., came to an agreement of compromise which after enumerating certain contracts that were performed by the partnership, and stated that certain controversies arose, continued:

"Whereas, the parties to this agreement have agreed to compromise and settle said controversies and differences in the manner herein provided;

"Now, therefore, the premises being as above stated, it is hereby agreed by and between said corporation and said Porter and said Conley and said McLean as follows, to wit:

"First, said McLean shall, subject to such limitations and qualifications as are stated in this agreement, be deemed a partner to the extent of a one-third interest, in the twelve above mentioned contracts and in any other contract for highway or road or improvement or construction work entered into by said corporation or by said Porter or by said Conley or in the firm name of 'Porter & Conley' between March 10, 1919, and March 20, 1922—all said contracts being hereinafter referred to as 'partnership contracts'; and said McLean shall, as such partner and subject to said limitations and qualifications, share and participate, to the extent of a one-third interest, in all 'profits and in all losses arising or accruing from or under each and all of said partnership contracts' * * *

"Fourth. Any interest paid by said corporation or said Porter or said Conley or in said firm name of 'Porter & Conley' or any moneys borrowed to carry on any work under any of said partnership contracts shall be deemed a partnership expense—i. e., an expense of the above defined partnership in which said McLean is to share and participate to the extent of a one-third interest. * * *

"Fifteenth. No investment made or property purchased by any party or parties to this agreement with anything taken or received by such party or parties from or out of any profits or proceeds from said partnership contracts or any of them shall be deemed or treated as an investment or as the property of the above defined partnership in which said McLean is to share and participate to the extent of a one-third interest; but whatever is so taken or received shall be considered and charged as an advance to the party or parties taking or receiving the same on his or their respective shares of the aggregate net profits on all said partnership contracts.''

This compromise agreement was signed by Porter & Conley, Inc., a corporation, by A. E. Porter and M. J. Conley and Ellis McLean.

Thereafter, on October 1, 1922, plaintiff filed the instant suit in which he asked for a general accounting, ignored the foregoing compromise agreement, naming as defendants, Porter & Conley, Inc., a corporation, A. E. Porter, M. J. Conley and Ashley & Rumelin, a corporation, and asked for an injunction restraining any of the parties defendant from expending any of the money of the partnership until the final determination of the cause. Ashley & Rumelin was the bank in which the partnership kept its account.

On motion of plaintiff, an injunction was issued restraining defendants from withdrawing any of the funds from the bank and restraining Ashley & Rumelin from paying out any of said funds on the order of either or all of the other defendants. A motion was also made by plaintiff for the appointment of a receiver to take charge of the partnership affairs. Thereafter plaintiff, Ellis McLean, A. E. Porter and M. J. Conley entered into an agreement whereby, in lieu of the injunction and the appointment of a receiver, A. E. Porter and M. J. Conley deposited with the Security Savings and Trust Company of Portland, Oregon, $75,000 worth of Liberty bonds to secure the satisfaction of any judgment that plaintiff might recover in this suit. Upon deposit having been made the injunction was dissolved.

Thereafter defendants interposed an answer in which it was admitted that A. E. Porter and M. J. Conley collected all the moneys arising from the several contracts; alleged that plaintiff was their partner in certain specified contracts and entitled to an accounting and pleaded the compromise agreement of May 10, 1922, above referred to, and further alleged, "that A. E. Porter and M. J. Conley are

ready, willing and able to pay'' whatever is found due according to the compromise agreement.

Thereafter, plaintiff filed an amended complaint in which the allegations of the partnership and the work performed and the condition of the partnership account were much the same as in the original complaint. Then follows allegations of the compromise agreement of May 10, 1922, but alleges that said agreement had been abandoned and was no longer in force. In the amended complaint it is alleged that it was A. E. Porter and M. J. Conley who received all the money of the partnership and that it is they who refused to account for said funds. Plaintiff then prays for an accounting for the disposal of all property belonging to the partnership, and distribution of the returns therefrom.

To this amended complaint, defendants filed an answer which was in substance a general denial except certain admissions including plaintiff's right to an accounting; that the compromise agreement of May 10, 1922, had not been abandoned and that the accounting should be in accordance therewith and prayed that, when the account was had, defendants Porter and Conley be decreed to pay the amount found due plaintiff.

To this answer, plaintiff filed a reply which did not raise any new issues.

The issue thus raised by the pleadings, and which was first to be determined, was whether plaintiff was entitled to an accounting as a general partner according to the complaint, or to an accounting on the basis of the compromise agreement of May 10, 1922.

On this issue the cause came on for trial and the court found and determined that the compromise

agreement of May 10, 1922, had not been abandoned and that the accounting should be in accordance therewith, and appointed two expert accountants as referees to make the accounting.

On June 14, 1926, the said accountants made their report showing that there was due plaintiff, according to the books in which the partnership accounts were kept, the sum of $53,526.49. They also reported that they had not taken into consideration the question of interest that A. E. Porter and M. J. Conley had received on the partnership funds during the time such funds had been withheld from the plaintiff. On July 16, 1926, plaintiff and A. E. Porter and M. J. Conley, through their respective attorneys entered into a stipulation regarding the amount found due plaintiff as well as the disposal of the $75,000 worth of Liberty bonds deposited by A. E. Porter and M. J. Conley with the Security Savings and Trust Company. By this stipulation it was wisely, and with thrifty foresight, agreed, that out of said deposit, the attorneys and referees be first paid; that plaintiff would accept $51,000 in full payment of the $53,526.49 found due by the referees and that the balance be turned over to A. E. Porter and M. J. Conley. The provisions of the stipulation deemed material, are as follows:

"Sixth. Said McLean contends that, if the settlement evidenced by this agreement had not been made and said suit of McLean vs. Porter and Conley and other had proceeded to judgment in the regular manner, such judgment should have included an allowance of interest in addition to the $53,526.49 found due him by said report of said referees, which contention said Porter and Conley deny. Though all other questions and matters involved in said suit are fully and finally disposed of by this agreement in the manner above stated, it is expressly agreed that said McLean has

reserved the one question of whether he shall receive such an interest allowance for submission to and decision by said circuit court and appeal therefrom in the following manner to wit:

"(1) It shall be considered that if said suit had so proceeded to judgment the court would have reduced said $53,526.49 to $51,000.

"(2) The parties hereto shall, at such time as shall be fixed by said court, submit to said court any competent evidence they see fit that is relevant to said question of interest under the pleadings and issues in said suit and their arguments on said question.

"(3) If said court decides that said McLean is not entitled to any interest in addition to said $51,000 said court shall render a judgment and decree dismissing said suit without costs to either party.

"(4) If said court decides that said McLean is entitled to any interest in addition to said $51,000 said court shall render a judgment and decree in favor of said McLean for the amount of interest allowed him but without any costs in his favor.

"(5) In and by the court's judgment and decree— regardless of the decision on said interest question— the court shall find that the parties have settled and disposed of all questions and matters involved in said suit except said interest question, and that said Porter and Conley have paid said McLean $51,000 in accordance with such settlement.

"(6) If said court decides that said McLean is not entitled to any interest he may appeal from such decision to the supreme court of the state of Oregon; and if said court decides that said McLean is entitled to interest said Porter and Conley may appeal from such decision and the judgment for interest based thereon to said supreme court.

"Ninth. This agreement is executed in quadruplicate; and each of the three parties have an executed copy; and the fourth executed copy shall be filed in said court with the other papers in said suit.

\*  \*  \*  \*  \*

''In Witness Whereof, the parties have hereunto set their hand and seals this 16th day of July, 1926.

(SGD) ELLIS McLEAN (SEAL)
A. E. PORTER (SEAL)
(SGD) By DAN J. MALARKEY,
His attorney in fact.
M. J. CONLEY (SEAL)
(SGD) By DAN J. MALARKEY,
His attorney in fact.''

It will be observed that this stipulation is between A. E. Porter, M. J. Conley and Ellis McLean and is signed by them only and duly approved by their respective attorneys as follows:

''The undersigned attorneys for the parties in the suit of McLean vs. Porter and Conley and other referred to in the foregoing agreement hereby approve the same and stipulate and agree that an executed copy of said agreement may be filed in and become part of the record in said suit.''

Neither of the defendant corporations were in anywise parties thereto.

No further action was taken in the suit until April 14, 1931, when the cause was returned to the presiding judge to be set for hearing between the parties to the stipulation on the only question reserved for the determination of the court, that of interest.

On June 20, 1932, the trial judge, to whom the cause was assigned, entered a decree and judgment in which it is recited that the cause was theretofore tried and the court took the matter under advisement and now finds, among other things:

''* * * that defendants have received interest on partnership sums in the total sum of $20,946.09 and that plaintiff is entitled to a one-third part of said interest payments, which is the sum of $6,982.03.

"Be It Therefore Ordered, Adjudged and Decreed that plaintiff do have and recover from the defendants and each of them the sum of $6,982.03; and

"It Is Further Ordered that the decree in this suit shall be without costs to either party."

On September 15, 1932, Porter and Conley, Inc., moved the court for an order vacating as to it, the said judgment and decree, and in support of this motion an affidavit of A. E. Porter, the vice-president of the corporation, was filed in which he deposed in effect that neither he or any officer of the corporation had any notice or knowledge that said cause had been set down for trial as to the corporation, or that there had been a trial thereof and a judgment or decree entered against the corporation; that E. B. Seabrook was the attorney of record for the corporation and that he died on June 26, 1932, six days after the entry of the judgment and decree and that at the time of the entry of the judgment and decree its attorney was incapacitated from tending to business; and many other averments not material hereto.

A counter affidavit was made and filed by plaintiff Ellis McLean, in which he avers many matters, most of which had been disposed of by stipulation; that the corporation of Porter & Conley, Inc., had the same attorney as A. E. Porter and M. J. Conley and that the two latter owned all the stock of the defendant corporation bearing their name.

On December 15, 1932, the court vacated the judgment and decree as against Porter & Conley, Inc., and also on its own motion, vacated the judgment and decree as against Ashley & Rumelin, a corporation, and dismissed the complaint as against the said defendant corporations.

On December 29, 1932, plaintiff filed a motion for a rehearing on the order vacating the judgment. This motion was supported by an affidavit which was a recital of many averments of his former affidavit and matters that had been covered and disposed of by the stipulation of the parties. This motion was denied. Plaintiff appeals from the order of the court vacating the judgment against Porter & Conley, Inc.

The only question presented is, did the court have jurisdiction under all the pleadings and stipulations to enter a personal decree against Porter & Conley, Inc.?

"It is a well-settled principle of law that a decree or judgment on a matter outside the issues raised by the pleadings is a nullity and is nowhere entitled to the least respect as a judicial sentence." *Dean v. Dean,* 136 Or. 694 (300 P. 1027, 86 A. L. R. 79) and cases cited therein; *Reed v. Hollister,* 106 Or. 407 (212 P. 367).

A void judgment or decree or any void part of a judgment or decree should be vacated when called to the attention of the court: *May v. Roberts,* 133 Or. 643 (286 P. 546), and cases therein cited.

■ The stipulation executed by A. E. Porter, M. J. Conley, and Ellis McLean limited the issues to the question reserved therein and the parties thereto. This stipulation was what authorized the court to hear and determine the questions reserved, and the court could only determine these questions as between the parties signing the stipulation. In other words, the stipulation was the equivalent of the abandonment of plaintiff's suit against the corporations and a dismissal as to all defendants except those who were parties thereto. The record shows on its face that the corporation was not a party to the stipulation of issues on which

the court was authorized by the parties thereto to act. The stipulation gave the court no jurisdiction over the corporation. "The parties thereto shall, at such time as shall be fixed by the court, submit to said court any competent evidence &ast; &ast; &ast;."

■ We fully agree with the principles of law presented in the brief of learned counsel for appellant, "that in a suit for an accounting involving fiduciary relations and discovery, technical rules of pleading are not strictly enforced". But such rule may not be extended so as to embrace strangers not parties to the proceedings. Appellant admits that it was proper to vacate the judgment against defendant corporation, Ashley & Rumelin. The stipulation of July 16, 1926, must be construed as a voluntary substitution of issues and parties and a dismissal as to those not parties to it.

The decree of the circuit court will be affirmed. Neither party to recover costs in this court. It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.