448 April 8, 2026 No. 293

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK AARON SHAFER,
aka Mark Aaron Anthony Shafer,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR58315; A181864

Katherine E. Weber, Judge.

Argued and submitted January 21, 2025.

Carla E. Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and Kistler, Senior Judge.*

KISTLER, S. J.

Affirmed.

_____

* Kistler, Senior Judge *vice* Mooney, Senior Judge.

**KISTLER, S. J.**

Defendant appeals a judgment of conviction for unauthorized use of a motor vehicle. *See* ORS 164.135(1)(d) (defining when the unauthorized use of a rental vehicle will constitute a crime). He contends that the trial court committed plain error when it failed to enter a judgment of acquittal. Specifically, he argues that the trial court should have realized that ORS 164.135(1)(d) applies only to the parties to a rental agreement. We conclude that any error is not plain and affirm the judgment.

In considering whether the trial court committed plain error in failing to enter a judgment of acquittal, we state the historical facts in the light most favorable to the state. Defendant's girlfriend, Schmidt, entered into an online agreement to rent a U-Haul moving van for a day. Although Schmidt signed the rental agreement, defendant told the officer who later arrested him that "he [had] rented the U-Haul [van] from a U-Haul store in Milwaukie about one month [earlier]." He also told the officer that he had used the van during that time to conduct his business and that he was the only person who had driven it.

Neither defendant nor Schmidt returned the van when it was due. U-Haul sent multiple notices to Schmidt asking about the van and directing her to return it, but it received no reply. U-Haul then sent a letter to Schmidt, with return receipt requested, telling her that it would report the van as stolen if it were not returned. Schmidt signed for the letter and told defendant about its contents. After Schmidt signed for the letter but did not return the van, U-Haul reported the van as stolen. Several days later, a police officer checked the van's license plate, learned that it had been reported as stolen, and arrested defendant.

The state charged defendant with unauthorized use of a rental vehicle. The case was tried to the court. At the close of the evidence, defendant did not move for a judgment of acquittal. Rather, in his closing argument, he told the trial court that the state had not proved beyond a reasonable doubt that he had delayed returning the van for "so lengthy a period beyond the specified time as to render such

retention \* \* \* a gross deviation from the rental agreement."
*See* ORS 164.135(1)(d) (defining when a delay in returning a
rental vehicle will constitute unauthorized use). Indeed, at
no point during the trial did defendant mention the statutory
interpretation issue he now raises on appeal. The trial court
found that the state had proved its case beyond a reasonable
doubt, reduced the resulting felony to a misdemeanor, and
entered judgment.[1]

On appeal, defendant argues that the trial court
plainly erred in failing to realize that ORS 164.135(1)(d)
applies only to the parties to a rental agreement. Relatedly,
he contends that no reasonable trier of fact could find that
he was a party to the rental agreement with U-Haul. Before
turning to those arguments, we first set out the text of ORS
164.135(1)(d), which provides that a person commits the
crime of unauthorized use of a motor vehicle when:

> "Having custody of a vehicle, boat or aircraft pursuant to
> an agreement with the owner thereof whereby such vehicle,
> boat or aircraft is to be returned to the owner at a specified
> time, the person knowingly retains or withholds possession
> thereof without consent of the owner for so lengthy a period
> of time as to render such retention or possession a gross
> deviation from the agreement."

ORS 164.135(1)(d).

Focusing initially on the text of that subsection,
defendant argues that the phrase "the person" refers to the
person who rented the vehicle, and no one else. That conclu-
sion follows, defendant reasons, from the phrase "pursuant
to an agreement with the owner thereof." The state responds
that the opening participial phrase describes how custody of
a vehicle must be obtained in the first place—pursuant to a
vehicle rental agreement. It does not necessarily limit the
class of persons who may be liable for unauthorized use of
a vehicle to the parties to the rental agreement. Rather, it

---

[1] On appeal, defendant raises two assignments of error. One is the plain
error claim noted above. The other is directed at the verdict; defendant contends
that, after the trial court reduced his conviction to a misdemeanor, it erroneously
directed that his driver's license be revoked. Because the trial court has entered
an amended judgment that does not direct that defendant's license be revoked,
the state contends, and defendant does not dispute, that his second assignment
of error is moot.

requires only that "the person" charged with violating that subsection have obtained custody of the vehicle pursuant to a rental agreement. That can be accomplished, the state reasons, if a party to a rental agreement transfers possession of the vehicle to another person, who retains it too long after the rental period ends.

The state's interpretation of the statutory text is a permissible one; certainly, we cannot say that the text of ORS 164.135(1)(d) clearly or obviously precludes that interpretation. As Justice Linde, writing for the court in *Lipscomb v. State Bd. of Higher Ed.*, 305 Or 472, 753 P2d 939 (1988), explained, "[i]n practice, *** courts rarely see disputes over interpretation when the opposing party cannot show a possible alternative reading of the words, which it claims to be correct in context." *Id.* at 486 (explaining that the text of a 1921 constitutional amendment was sufficiently ambiguous to look to contemporaneous news articles to determine its meaning). To be sure, as *Lipscomb* implicitly recognizes, the text of some statutes may be so clear or obvious that a trial court's failure to recognize what the text (or a controlling judicial decision) dictates can constitute plain error. However, we cannot say that the text of ORS 164.135(1)(d) achieves that level of clarity. *Cf. State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (explaining that, even though the United States Supreme Court had observed that a federal statute "arguably" created a private right of action, the trial court did not plainly err in failing to adopt that interpretation on its own motion).

Perhaps taking a cue from *Lipscomb*, defendant offers a contextual argument. He notes that ORS 164.135(1)(c) uses the phrase "the person or another."[2] He reasons that the absence of the phrase "or another" in ORS 164.135(1)(d) implies that subsection (1)(d) is limited to the parties to the rental agreement. The difficulty with defendant's contextual

---

[2] ORS 164.135(1)(c) provides that a person commits the crime of unauthorized use of a motor vehicle when:

"Having custody of a vehicle, boat or aircraft pursuant to an agreement between the person or another and the owner thereof whereby the person or another is to perform for compensation a specific service for the owner involving the maintenance, repair or use of such vehicle, boat or aircraft, the person intentionally uses or operates it, without consent of the owner, for the person's own purpose in a manner constituting a gross deviation from the agreed purpose[.]"

argument is not its substance. Rather, the further a party moves away from the text of the applicable statute, the more difficult it becomes to say that the meaning of that statute is so obvious that the trial court plainly erred in not recognizing it. That is, a plain error argument based on context necessarily depends on the trial court either independently searching for or serendipitously coming upon another statute or subsection that provides relevant context. If a court must either independently search for or serendipitously find relevant context to discover a statute's meaning, it is difficult to say that that meaning was so clear that the court's failure to identify it on the court's own motion constituted plain error.

We accordingly conclude that the interpretation of ORS 164.135(1)(d) that defendant advances is not so obvious that the trial court plainly erred in failing to notice it on its own motion. Given that conclusion, we need not decide whether defendant's plain error argument survives a second hurdle. That is, we need not decide whether a trier of fact reasonably could have inferred that defendant did not sign the rental agreement on her own behalf, but signed it instead as an agent for an undisclosed principal—namely, defendant. *See, e.g.*, *Kitchen v. Holmes*, 42 Or 252, 255, 70 P 830 (1902) (holding that an undisclosed principal could sue to recover on a loan agreement entered into by her agent and the defendant); *Restatement (Third) of Agency* § 603 comment b (2006) (explaining that "well-settled doctrine treats an undisclosed principal as a party to a contract that an agent makes on behalf of the principal, unless the contract excludes the party as a principal"). If Schmidt signed the loan agreement as defendant's agent, then a reasonable trier of fact arguably could have found that defendant was a party to the rental agreement and criminally liable for unduly delaying in returning the van, even under defendant's reading of the statute. Similarly, given our conclusion that the statute's meaning is not obvious, we need not decide whether, even if there were a plain error, we should exercise our discretion and not reach it. *See State v. Wiltse*, 373 Or 1, 22-26, 559 P3d 380 (2024) (declining to exercise discretion to reverse based on a plainly erroneous instruction).

Affirmed.